SAMUEL HIRSCHHORN, Plaintiff, *v.* C. I. T. CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, October 23, 1931.

*Benjamin B. Weinberg*, for the plaintiff.

*Joseph G. Meyerson*, for the defendant.

LEWIS, DAVID C., J.   The summons and complaint in this action were duly personally served upon the defendant on or about March 30, 1931. The time for the defendant to answer was duly extended by stipulation to and including April 12, 1931. Thereafter by arrangement between the attorneys the original answer was delivered by the attorney for the defendant to the attorney for the plaintiff, who had undertaken to file the same together with the original summons and complaint. Apparently no papers were ever filed by the attorney for the plaintiff.

Several days after the time for either the plaintiff or the defendant to file the original summons or a copy of the summons had expired, the attorney for the defendant for the first time ascertained that none of the papers had been filed.

The defendant claims that since then it has made repeated efforts to either have the plaintiff file the papers or discontinue the action, but the plaintiff has done nothing.

The defendant now seeks an order permitting it to file the summons and answer herein and enter judgment against the plaintiff by default, or for such other relief as may be proper in the premises.

An action is commenced in our court by the service of a summons upon the defendant. When this step is taken jurisdiction is acquired.

The failure to file the original summons with proof of service within the prescribed period will not in itself deprive the court of jurisdiction; or, in other words, failure to comply with the filing requirement is not a jurisdictional defect; and unless the defendant takes advantage of the remedy afforded him, he cannot be heard to complain.

However, in the case presented, plaintiff's attorney apparently undertook to file both the original answer and the original summons. The defendant should not suffer because of any breach of faith on the part of his adversary.

Unless the plaintiff shall file the original summons, or a copy thereof, together with the answer of this defendant, within five days after the service of a copy of the order to be entered herein, together with notice of entry, the defendant may, and in such event is hereby authorized to file its copy of said original summons and a duplicate original answer. The clerk will file the same *nunc pro tunc*. Settle order on one day's notice.