Per Curiam.

Petitioner, it appears, failed to designate in the caption of this proceeding the name of a “ subtenant ” in actual occupancy of the subject premises, to wit, H. Richard Moore, as a party respondent. Instead, petitioner designated such respondent as “ John Doe ”. The court below, relying on CPLR 1024, held, in effect, that this defect was noriamendable as the allegations of the petition clearly name H. Richard Moore as an occupant of the premises and therefore his identity was known *82 to petitioner. On this basis the motion of Ricardo Moore, “ respondent herein”, to dismiss the petition was granted. This was error. Scrutiny of the petition discloses that petitioner clearly designated H. Richard Moore as an occupant of the premises whose possessory interest, if any, is sought to be terminated. Under the circumstances delineated in this record, the defect in the caption of the proceeding alluded to above was amendable mmc pro tunc (CPLR 2001, 3 Rasch, Landlord and Tenant [2d ed.], § 1279). The court below acknowledged (pp. 468-469) that “ the joint petition and notice of petition was personally served upon one ‘ Richard A. Moore, under-tenant ’, by petitioner’s process server on July 20, 1973. Previously, on or about April 25, 1973, petitioner had served upon ‘ H. Ricard Moore and all other persons occupying ’ the subject apartment a notice to vacate the premises by May 31, 1973.” The situation presented by the caption of this proceeding as it relates to H. Richard Moore is one of misnomer, intentional or otherwise; and, said respondent being before the court and no substantial prejudice being suffered thereby, the defect is amendable and does not rise to the status of a jurisdictional defect. Form may not be so exalted over substance.
Even assuming the court below was correct in dismissing the petition as against the respondent Moore, no reason exists on this record for denying petitioner the right to a final judgment awarding it possession as against the respondent “prime” tenant Shirley Wolterding, who defaulted. It is well recognized that undertenants are not necessary parties to a summary proceeding (Rasch, 2 Landlord and Tenant [2d ed], § 1204).
However, in view of the error occasioned by the petitioner’s failure to specifically designate H. Richard Moore as a respondent in the caption of the proceeding, the default of said respondent is vacated in the interest of justice.
The final judgment should be reversed, without costs, arid motion granted to the extent only of amending the caption of the proceeding mmc pro tunc to set forth H. Richard Moore, also known as Richard A. Moore, also known as Ricardo Moore, as a party respondent, and of vacating the default of said respondent, with leave to said respondent to answer within five days after service of a copy of the order to be entered hereon with notice of entry thereof, otherwise denied.
Concur — Quinn, J. P., Lupiano and Fine, JJ.
Final judgment reversed, etc.