OPINION OF THE COURT

Per Curiam.

The order entered October 26, 1981 is reversed and the petition is reinstated for trial, with $10 costs.
The petition, notice of petition and proof of service in this summary holdover proceeding were filed four days before the noticed return date. On that basis, the court below dismissed the proceeding, holding that the service constituted a jurisdictional defect not subject to amendment.
RPAPL 733 (subd 1) provides, insofar as is here pertinent, “the notice of petition and petition shall be served at least five and not more than twelve days before the time at which the petition is noticed to be heard.” RPAPL 735 (subd 2, par [b]) requires filing of these initiatory papers *549 with the court or the clerk of the court when the proceeding has been begun by conspicuous service. It states: “The notice of petition * * * and petition together with proof of service thereof shall be filed with the court or clerk thereof within three days after * * * (b) mailing to respondent, when service is made by the alternatives above provided [i.e., conspicuous service] and such service shall be complete upon the filing of proof of service.”
In this case, the filing was not late insofar as the three-day requirement of RPAPL 735 (subd 2, par [b]). It was mailed September 18 and filed September 21. However, RPAPL 733 (subd 1) requires process to be served at least five days before the hearing date, and here the filing which completes service was only made four days before the hearing date. There have been cases which have addressed the ramifications of failing to file process within three days after mailing as required by RPAPL 735 (subd 2, par [b]), and consideration of some of those cases is instructive for the purpose of resolving the issue raised on this appeal, i.e., the consequence of failing to effect the specified filing at least five days before the hearing date.
In certain counties of our State, courts have held the failure to file within the three-day filing period to be a jurisdictional defect requiring dismissal of the proceedings (Shields v Benderson Dev. Co., 76 Misc 2d 322 [Monroe County Ct]; Matter of Garrison v Abrams, 57 Misc 2d 417 [Rockland County Ct]). The rule enunciated by the courts of our city in this regard has been to the contrary. In Abo v Panish (135 Misc 792), this court held that such late filing did not constitute a jurisdictional defect, absent a showing of prejudice. In Hirschhorn v C.I.T. Corp. (141 Misc 699, 700 [NY City Municipal Ct]), the court noted: “An action is commenced in our court by the service of a summons upon the defendant. When this step is taken, jurisdiction is acquired” and “failure to comply with the filing requirement is not a jurisdictional defect”; the remedy is a granting of the right to file, nunc pro tune. The Appellate Term, Second Department, has recently held the same way (RFP Co. v Corbett, NYLJ, Feb. 13, 1981, p 17, col 1). In fact, since 1963, by statute (CCA, § 411), the Civil Court has been empowered to order a nunc pro tune filing when *550 process in a summary proceeding “has not been filed within the time prescribed by law”. Professor David Siegel in his commentary on this section observes, “The failure to file proof of service is plainly not a jurisdictional defect under the case law” (Siegel, Commentary on Revision, McKinney’s Cons Laws of NY, Book 29A, CCA, § 411, p 119; see, also, Siegel, New York Practice, § 575: “the filing must be within 3 days after the mailing; and it is the filing which constitutes ‘completion’ and therefore measures whether the return time affords the required notice. Hence, a failure to file within the allotted time may be a jurisdictional defect. It is such if the summary proceeding is brought in the county court, but not in the lower courts, where a nunc pro tune order can be secured to allow late filing.”).
As noted above, the filing in this case was not late insofar as the three-day requirement of RPAPL 735 (subd 2, par [b]) — it was mailed September 18 and filed September 21 — but was effected only four days before the hearing date, rather than five days before the hearing date as required by RPAPL 733 (subd 1). As Professor Siegel points out, however, in his commentary to section 411 of the CCA, even a total failure to file will not constitute a jurisdictional defect, since the statute provides for nunc pro tune relief (cf. Sears Roebuck & Co. u Austin, 60 Misc 2d 908, 910 [Younger, J.] — “If the Marshal had accomplished all that was required except for the filing of proof of service, I would simply authorize filing nunc pro tune”). A summary proceeding, governed as it is by statute, must comply strictly with the statute to give the court jurisdiction (Teachers Coll, v Wolterding, 75 Misc 2d 465, 468), but “[f]arm may not be so exalted over substance” (Teachers Coll, v Wolterding, 75 Misc 2d 465, revd 77 Misc 2d 81, 82).
We have repeatedly noted that the term jurisdictionally defective has been used loosely and inappropriately (Jackson v New York City Housing Auth., 88 Misc 2d 121 ;Z Mgt. Co. v J.E.B.M. Launders, NYLJ, Oct. 29, 1980, p 6, cols 1, 2). Jurisdiction may be divided into subject matter and personal jurisdiction. Personal jurisdiction requires notice and the opportunity to be heard (Siegel, New York Practice, § 58, p 59). Notice is given when a person is served *551 with process and informed of the date and time that he is required to appear and answer (Hirschhorn v C.I.T. Corp., supra). While the filing with the court is said to “complete” the service, the notice to the respondent is in fact effected by the affixing of process and the further act of multiple mailings (see RPAPL 735, subd 1, as amd by L 1980, ch 370, § 1, eff Sept. 1,1980). We thus conclude that the court erred in failing to afford the landlord nunc pro tune relief from its late filing and in dismissing the petition.
Tierney, J. P., Riccobono and Sullivan, JJ., concur.