OPINION OF THE COURT
Michael H. Feinberg, J.
In the instant proceeding, the petitioner landlord City of New York has instituted 13 nonpayment proceedings against various individual tenants for rental arrears ranging from $1,350 to $5,100. The bottom of each petition contains the statutorily required sworn statement which, in this case, is signed by the “Director of Operations for OPM”. The petitions also bear the illegible signature of the director. However, the petitions fail to state the name of the director on the line beneath his signature, but rather, identify him merely as “Director”. Moreover, his signature is not notarized nor does the petition contain the jurat of a notary.
The petitioner landlord has submitted to the court an ex parte order for each nonnotarized petition requesting that the affidavit of Howard Hecht, the director of operations, be deemed substituted for what he admits to be his nonnotarized signature on each petition. Before granting nunc pro tunc relief to the petitioner landlord, the court must decide whether the omission of a properly notarized verification must be considered a jurisdictional defect or whether this defect is capable of amendment.
The statute governing the contents of petitions in nonpayment summary proceedings is RPAPL 741. Section 741 states that “[t]he petition shall be verified by the person *1055 authorized * * * to maintain the proceeding”. In this case, the court does not dispute the director’s authority to initiate these proceedings, but does question the validity of the nonnotarized petition verifications.
A summary proceeding is a special proceeding governed entirely by statute and as such there must be strict compliance with the statutory requirements to confer jurisdiction on the court. (Matter of Smith v Norton, 204 App Div 248.) The essentials of the petition and notice of petition are specifically regulated and strictly construed. (Goldman Bros, v Forester, 62 Misc 2d 812.)
However, recent case law has not only questioned the validity of strict statutory compliance, but has challenged the rationale underlying such rigidity. It is now held both under case law and statutory codification that pleadings are to be liberally construed and defects therein ignored and amendable if a substantial right of a party has not been prejudiced. (CPLR 3026.) Petitions in summary proceedings are now considered to be no different than pleadings in any other type of civil case and are held to be equally amendable. (Jackson v New York City Housing Auth., 88 Misc 2d 121.)
CPLR 3022 provides that a defectively, verified pleading shall be treated as an unverified pleading. In cases where there is no requirement to verify a particular pleading, the other party may merely treat the defective pleading as unverified and serve an unverified answer in response. However, where verification of the pleadings is required, a defective pleading may be treated “as a nullity” provided the adverse party gives notice of his intent to do so to his opponent with due diligence. If such notice is not given, any objection to the defective verification is deemed waived. In the instant case at bar, no rejection or answers to the petitions herein have been interposed.
This current trend towards the liberal treatment of various petition defects has led to a modification of the general rule and the emergence of a new maxim of statutory construction. In Jamal Estates v Crockwell (113 Misc 2d 548, 550 [App Term, 1st Dept]), the court stated that “[a] summary proceeding, governed as it is by statute, must comply strictly with the statute to give the court *1056 jurisdiction * * * but ‘[fjorm may not be so exalted over substance’ ” (emphasis supplied).
As a consequence of the court’s past adherence to rigid statutory requirements, the courts have loosely defined and used the terms “jurisdiction defect” and “jurisdiction-ally defective”. Under the rules of strict construction, any petition defect was considered to be fatal and resulted in a jurisdictional bar denying the court subject matter jurisdiction.
However, more recent authority holds that where the Civil Court has jurisdiction of the subject of the proceedings under RPAPL article 7 and jurisdiction of the person of the respondent has been obtained as provided by law, the proceeding is not jurisdictionally defective. (Jackson v New York City Housing Auth., supra.) Thus, it is apparent that the courts have adopted a more liberal stance in which jurisdiction is not denied to the proper forum solely due to defective pleadings.
It is also clear that any petition defect must be evaluated and categorized as either inconsequential, nonprejudicial and amendable or as being such an “essential” portion of the petition that it must be specifically regulated and strictly construed. Where no prejudice has been demonstrated and a de minimus variation from strict compliance is revealed, that should not be tolerated to undo an otherwise proper proceeding. (Adina 74 Realty Corp. v Hudson, 104 Misc 2d 634.)
An amendable defect was found in a case where the same person executed and verified a petition but inadvertently neglected to sign a second time beneath the verification. (Berkeley Assoc. v Jordan, NYLJ, Feb. 1, 1980, p 5, col 1 [App Term, 1st Dept].) The courts have also found the omission of an “articulated oath” from the petition verification to be capable of correction by amendment. (150 West 26th St. Corp. v Hall, NYLJ, Jan. 12,1982, p 11, col 1 [App Term, 1st Dept].)
In view of the absence of any demonstrable prejudice to the tenants herein at this stage of the proceedings, the court will sign the petitioner landlord’s ex parte orders and thereby amend petitioner’s nonpayment petitions nunc pro tunc. Although care should be taken to comply with the *1057 statutory requirements set forth in RPAPL 741, dismissal of these petitions would be too harsh a penalty where a mere nonprejudicial clerical error is involved. Irregularities in a verification will rarely result in prejudice to a party or affect the substance of the litigation (3 Weinstein-Korn-Miller, NY Civ Prac, par 3022.04). Omissions of this nature must be viewed as minor errors, inconsequential in nature, nonprejudicial in substance and correctible at any stage of the proceedings, even on the court’s own initiative. (Teacher’s Coll, v Wolterding, 75 Misc 2d 465, revd 77 Misc 2d 81.)