OPINION OF THE COURT
Carl O. Callender, J.
Motion to dismiss denied at this time. Petitioner may make written application by motion to amend verification. Thirty dollar costs awarded to respondent.
I. CLAIM FOR DISMISSAL
The respondent moves to dismiss the petition for the following reasons:
(1) The petition fails to have annexed to it the registration statement.
(2) The verification in the petition fails to meet the requirements of CPLR 3021 in that the attorney verification failed to state why the verification was not made by the petitioner.
The petitioner admits the registration omissions brought out by the respondent but argues that such an omission should not result in a dismissal of the petition. The petitioner argues further that the verification is proper and if found to be improper was waived by the respondent because it was raised late.
*100 II. FAILURE TO ANNEX THE REGISTRATION STATEMENT
Section 27-2107 (b) of the Housing Maintenance Code (Administrative Code of City of NY, tit 27, ch 2) makes the requirements about registration clear.
"In any action to recover possession under section seven hundred eleven of the real property actions and proceedings law, the owner shall set forth his or her registration number issued by the department, and shall allege that he or she has filed a statement of registration and shall annex a copy of the receipt of such registration to his or her petition.”
The Housing Maintenance Code therefore requires petitioner to do the following in summary proceedings: (1) set forth the registration number issued by the Department of Housing Preservation and Development; (2) allege that a registration statement has been filed; (3) annex a copy of the registration receipt to the petition.
In the instant proceeding, the petitioner has provided the multiple dwelling registration number, and stated that there is a currently effective registration statement on file, but it has failed to attach a copy of the registration receipt as the Code requires.
The petitioner therefore has failed to comply with the requirements of section 27-2107 (b) of the Housing Maintenance Code. The respondent therefore seeks the petition to be dismissed. The respondent cites a number of cases, but none that mandate a dismissal for failure to annex a registration receipt to the petition. The court notes that the Court of Appeals case cited by the respondent has nothing to do with a failure to annex the required registration receipt. (See, Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719 [1987].) This court found no cases that hold that the failure to annex the registration receipt as is required under the law constitutes a substantial defect that is sufficiently prejudicial to merit or mandate a dismissal of the petition. Rather, this court believes it represents the kind of error that the appellate courts would find to be minor, nonprejudicial and therefore correctable. (See, 150 W. 26th St. Corp. v Hall, NYLJ, Jan. 12, 1982, at 11, col 1 [App Term, 1st Dept]; Phillips v Mason, NYLJ, June 29, 1982, at 5, col 1 [App Term, 1st Dept]; Jackson v New York City Hous. Auth., 88 Misc 2d 121 [App Term, 1st Dept 1976].)
III. INSUFFICIENT VERIFICATION AND WAIVER
A. REQUIREMENTS OF THE LAW
RPAPL 741 permits verification by an attorney pursuant to *101 subdivision (d) of CPLR 3020. It also states that an attorney may verify the petition on information and belief even if the person is in the county where the attorney has his office.
CPLR 3020 (d) (3) provides that the verification of a pleading shall be made by the affidavit of the party, except: (1) If the party is not in the county where the attorney has his office; or (2) If the action is founded upon a written instrument for the payment of money only which is in the possession of an agent or the attorney; or (3) If all the material allegations of the pleading are within the personal knowledge of the attorney, the verification may be made by the attorney.
CPLR 3021 sets forth the required form of the affidavit of verification as follows: (1) It must indicate that the pleading is true to the knowledge of the deponent, except as to matters stated to be on information and belief. (2) With regard to those matters alleged to have been stated on information and belief, he or she believes it to be true. (3) If the verification is made by a person other than the party, he or she must indicate in the affidavit of verification the grounds of his belief as to all matters not stated upon his knowledge. (4) The deponent must also state the reason why the verification is not made by the party.
CPLR 3022 prescribes the remedy for defective verification. It indicates that a defectively verified pleading shall be treated as a nullity provided the recipient gives notice to the adverse party’s attorney with due diligence. The courts have defined due diligence to be within 24 hours after receipt of the pleading. (See, State of New York v McMahon, 78 Misc 2d 388 [Sup Ct 1974]; Matter of Lentlie v Egan, 94 AD2d 839 [3d Dept 1983], affd 61 NY2d 874 [1984].)
B. APPLICATION OF THE LAW
1. The Verification
The pleading in the instant case contains the following omission: The verification fails to indicate why the verification was not made by the party.
2. The Waiver of the Defense
Accordingly, the respondent seeks the dismissal of the petition. The petitioner counters that the respondent took six weeks to make his motion to dismiss. He argues that this is substantially beyond the due diligence requirement and therefore constitutes waiver of the defense.
*102 In view of the fact that the respondent appeared pro se and only very recently retained an attorney who raised the matter at his first appearance in this summary proceeding, the court refuses to find that the defense of improper verification has been waived.
3. Is the Incomplete Verification Fatal?
The respondent claims the omission of a required element in the verification mandates that the petition be dismissed.
The courts require that before a dismissal is warranted, the defective pleadings must be consequential and prejudicial. The courts generally refuse to deny jurisdiction simply because of defective pleadings. Therefore, unless a verification defect has been shown to be substantially prejudicial, petitions are amendable. (See, Hablin Realty Corp. v McCain, 123 Misc 2d 777 [App Term, 1st Dept 1984]; 3 Weinstein-Korn-Miller, NY Civ Prac ff 3022.04, at 30-526 — 30-527; City of New York v Brown, 119 Misc 2d 1054 [Civ Ct 1982].) Accordingly, this court finds that the defective verification does not constitute a sufficient basis for dismissal.
C. ORDERS OF THE COURT
Therefore the court will permit the petitioner to make a motion to amend the verification by making such a motion in writing and outlining the change to be proposed in the verification in the pleading: That is, why the verification was not made by the party. The petitioner, however, since he is required to prove registration in putting forth its prima facie case need not move to amend the petition except to conform to the evidence shown if it sustains its prima facie case.
The court however awards the respondent $30 costs because the defect in the verification is required by law and the petitioner would have easily averted this controversy by pleading in conformity with the CPLR and RPAPL by providing the parties and the court with a complete verification.