OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and motion by tenant respondent denied.
In this nonpayment proceeding, tenant respondent “John” Spencer (hereinafter tenant) moved to vacate a default final judgment and to be restored to possession on the ground that service was improper. His motion was denied, and tenant did not appeal from that denial. Instead, he brought on a second order to show cause, this one pursuant to CPLR 5015 (a) (4), challenging jurisdiction on the ground that the petition and notice of petition described him as “John” Spencer rather than Andy Spencer. Tenant claimed that landlord should have known his true first name because tenant had used it in verifying an answer to a summary proceeding brought six years earlier and because it had been used in various leases (which were not produced). In opposition, landlord showed, inter alia, that tenant had as a matter of course identified himself to landlord only as “Spencer” in various pieces of correspondence, work orders and money orders (copies of which were produced). The court below granted tenant’s second motion, ruling that landlord had failed to exercise due diligence by failing to check the answer in the earlier proceeding and that landlord was thus not entitled to use a fictitious first name (CPLR 1024). We reverse.
For the purpose of obtaining jurisdiction, it is sufficient if the summons or notice of petition adequately describes the respondent in a manner that he would have known from the description that he was the party intended (Lebowitz v Fieldston Travel Bur., 181 AD2d 481; cf., Fink v Regent Hotel, 234 AD2d 39). The notice of petition that landlord served, which identified tenant as “John” Spencer at “783 Lenox Road, Brooklyn, New York 11203 — Apt: B 12-V2,” met this standard, and tenant could not have been confused as to who was meant. Accordingly, tenant’s challenge to jurisdiction is without merit (see, Teachers Coll. v Wolterding, 77 Misc 2d 81).
Scholnick, J. P., Chetta and Patterson, JJ., concur.