*816 OPINION OF THE COURT
George M. Heymann, J.
The petitioner commenced this holdover proceeding on the ground that “any license ‘Jane Doe’ (daughter of Ahmed Zokari), ‘John Doe’ and ‘Jane Doe’ may have had to occupy said premises [located at 719 Eighth Avenue, Brooklyn, New York] has expired due to the death of the tenant of record thereof, Ahmed Zokari.” (Notice sent to respondent, dated May 30, 2007.)
The respondent, Amira Zokari, daughter of the deceased tenant of record, claims that she is entitled to succession rights to the subject premises in that she resided therein contemporaneously with her father for more than the requisite two years prior to his permanent departure therefrom.
This matter first appeared on the court’s calendar on July 19, 2007. It was then adjourned three times thereafter and marked off calendar on December 18, 2007. The case was restored to the calendar on April 15, 2008 at which time the parties agreed to a motion schedule.
The petitioner now seeks the following relief: (a) pursuant to CPLR 1024, amending the caption to substitute “Amira Ahmed Zokari” for “Jane Doe”; (b) striking the respondent’s defenses and counterclaims (for succession and legal possession and attorney’s fees); (c) granting petitioner summary judgment pursuant to CPLR 3212; (d) entering a final judgment of possession in petitioner’s favor; (e) issuance of a warrant forthwith and execution thereafter upon a marshal’s notice; and (f) such other and further relief as this court deems just and proper.
Before reaching a determination on whether to strike the respondent’s defenses and counterclaims and granting the petitioner summary judgment, it is necessary to ascertain if the petitioner crossed the jurisdictional threshold by using the pseudonym “Jane Doe,” coupled with the parenthetical phrase “daughter of Ahmed Zokari,” to name the respondent as a party.
The petitioner cites CPLR 1024 as the basis to amend the caption to substitute “Amira Ahmed Zokari” for “Jane Doe.”
CPLR 1024 states:
“A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or *817 remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.”
While the second sentence of this statute regarding the usage of the party’s true name, once known, is written in the mandatory “shall,” and according to Siegel, New York Practice (§ 188 [Unknown Parties], at 305 [3d ed]), “[t]he Plaintiff does not need court leave to amend the papers to insert the name of the party sued fictitiously, once the name is determined,” it is the experience of this court that such amendments have always been made upon application or motion to the court.
Although courts generally take a liberal approach to such relief, where, as here, there is opposition to the motion, the court must carefully search the record to see if, in fact, the petitioner had no knowledge of the respondent’s name, or was unable to obtain it after making a reasonable and diligent search, before commencing this proceeding.
Petitioner relies on the case of Teachers Coll, v Wolterding (77 Misc 2d 81 [App Term, 1st Dept 1974]) which allowed amendment of the undertenant’s name where the landlord knew the name of the subtenant of the named respondent and designated him as “John Doe.”
There, the court pointed out that “[s]crutiny of the petition discloses that petitioner clearly designated H. Richard Moore as an occupant of the premises whose possessory interest, if any, is sought to be terminated. Under the circumstances delineated in this record, the defect in the caption of the proceeding . . . was amendable nunc pro tunc.” (77 Misc 2d at 82.)
In that case, the petition and notice of petition were personally served upon one “Richard A. Moore, undertenant.” The court held that “said respondent being before the court and no substantial prejudice being suffered thereby, the defect is amendable and does not rise to the status of a jurisdictional defect.” (77 Misc 2d at 82.)
Petitioner argues that if the petition adequately describes the respondent in a manner that she would have known from the description then the court has jurisdiction since the parties could not have been confused as to who was meant.
Petitioner refers to Lenox Rd. Utica Ave. Realty v Spencer (184 Misc 2d 628, 629 [App Term, 2d Dept 2000]), citing Teachers Coll. v Wolterding (supra), in support of that proposition. Unlike Teachers Coll., or the case at bar, there was no motion to *818 amend the caption to reflect the respondent’s true name. There, the respondent challenged the court’s jurisdiction on the ground that the petition and notice of petition described him as “John” Spencer rather than Andy Spencer pursuant to CPLR 5015 (a) (4) (relief from judgment order). The court found that the pleadings served which identified tenant as “John” Spencer at his specific address was sufficient to deny his challenge to jurisdiction.
In effect, petitioner submits that by referring to “Jane Doe” as the “daughter of Ahmed Zokari” it is virtually impossible for there to be any confusion as to which individual was intended to be named as the respondent and there is no prejudice to the respondent who has already appeared in this matter.
On its face, the petitioner’s position appears to be a rational and practical one, in the interest of judicial economy and expediency.
However, based on the contentions of the respondent, the inquiry cannot stop here.
Respondent, in her affidavit dated August 24, 2007 (respondent’s exhibit 1), states that in or about March 2004 the managing agent for the petitioner, John E Tutunjian, came to her home where she claims to have been living since 2001. In Arabic he asked her who she was and she told him that her name was Amira Zokari, the daughter of Ahmed Zokari.
On May 24, 2004, her attorney sent a letter to Mr. Tutunjian notifying him that the respondent lived with her father “for over three years and is entitled to remain as a tenant should anything happen to Mr. Zokari.” In response, Mr. Tutunjian sent a letter denying any knowledge of the respondent. On June 14, 2004, respondent’s attorney sent another letter to Mr. Tutunjian to “refresh your memory” about his request “that Amira Zokari be added as a tenant.”
Thereafter, on June 23, 2004, Mr. Tutunjian sent a follow-up letter to the respondent’s attorney to “address[ ] the issues you raised in your letter to me dated 14 June [2004].” In relevant part to this branch of petitioner’s motion seeking to amend the pseudonym “Jane Doe,” Mr. Tutunjian wrote: “With regard to Amira Zokary, we acknowledge that she appears to be presently residing in the apartment, at least it appears so when we visited the apartment.” (See respondent’s exhibit 1 [3] for copies of the correspondence [emphasis added].)
Paragraph 26 of the petitioner’s attorney’s affidavit states that “unsure of the daughter’s actual name, since she did not *819 speak clear English, the landlord served the Ten (10) Day Notice and Petition naming her as ‘Jane Doe’, however, he explicitly referenced her as the late tenant-of-record’s daughter in order not to create any confusion.” This statement is the entire basis for the petitioner’s failure to utilize the respondent’s true name in the predicate notice and pleadings.
This argument would, perhaps, be sufficient to warrant the relief sought if there had not been any prior correspondence between the petitioner and respondent’s attorney which specifically discusses the respondent and memorialized her name in the petitioner’s own letter to counsel.
It is difficult to reconcile this major discrepancy and no attempt has been made to do so.
“A diligent effort to learn the party’s name is a condition precedent to the use of CPLR 1024, which should therefore be turned to only as a last resort.” (Siegel, NY Prac § 188, at 304 [3d ed].)
Clearly, it cannot be shown that a “diligent effort” was made herein where the petitioner itself used the respondent’s name in one of its own correspondence to her attorney.
Unlike the respondent in Teachers Coll, v Wolterding (supra), the respondent here was not served personally and it is not simply a question of ultimately serving the right person using a wrong name, as was the case there. The Teachers court held that the defect of the misuse of “John Doe” in the caption was amendable since the respondent’s name actually appeared in the body of the petition and, therefore, did “not rise to the status of a jurisdictional defect.” (77 Misc 2d at 82.) Thus, the court found that there was no substantial prejudice to the respondent under those circumstances.
In the instant matter, the petitioner knew the name of the respondent prior to the commencement of this proceeding and such a “finding is fully supported by the evidence. Under the circumstances, landlord’s use of a fictitious name in the pleading to describe [respondent] was not authorized under CPLR 1024.” (Varveris v Infante, NYLJ, Oct. 28, 1994, at 32, col 5; see ABKCO Indus. v Lennon, 52 AD2d 435, 441 [1976].)
Further, it is of no moment to argue that there is no prejudice to the respondent, notwithstanding that she knew that she was the only person who qualified as the “daughter of Ahmed Zokari” and appeared in response to the service of process.
CPLR 1024 does not incorporate the term, or address the issue of, “prejudice” with respect to the person whose “unknown” *820 identity is sought to be amended from the fictitious nom du jour with a true name.
“If actual prejudice was the only standard, petitioners would be free to ignore the statutory prerequisites and simply name ‘John Doe’ instead of the actual tenant. If the ‘John Doe’ respondent failed to appear, a default would be granted. If respondent did appear, petitioner would be free to simply amend.” (Capital Resources Corp. v Doe, 154 Misc 2d 864, 868 [1992].)
A genuine effort must be made to learn the true name of a party and, as suggested in Pinnacle Bronx E. v Bowery Residents Comm. Inc. (NYLJ, Mar. 29, 2006, at 20, col 3), an affidavit should be presented stating that a diligent inquiry has been made to determine said name.
In Pinnacle (id.), the court dismissed the proceeding where the petitioner used “John Doe” instead of the tenant’s real name finding that “if petitioner had made even a slight inquiry it would have determined the name of the occupant residing in the apartment.”[1] The court noted that the petitioner failed to attach an affidavit to the petition alleging that it made diligent efforts to determine the name of the occupant.[2] (See Washington Mut. Bank, F.A. v Hanspal, 14 Misc 3d 1217[A], 2007 NY Slip Op 50056[U] [2007].)
Petitioner herein has not demonstrated to this court any effort, much less a diligent one, to ascertain the respondent’s true name prior to the commencement of this proceeding. The meager excuse by petitioner’s agent that he could not find out her name because they conversed in different Arabic dialects, without more, is insufficient to warrant the application of CPLR 1024, especially, a fortiori, when he actually used her name in former correspondence. His statement that “I was never provided proof of her name” is belied by his own hand in his letter, dated June 23, 2004, which has proved to be the death knell to this application. For petitioner to now assert that it had no “proof’ of the respondent’s name is disingenuous, at best.
*821 Based on the foregoing, the first branch of the petitioner’s motion to amend the caption pursuant to CPLR 1024 is denied.
Accordingly, the petition is dismissed without prejudice and the remaining branches of the motion are denied as moot.

. Respondent had been placed in his apartment by a social services agency in 1999 and resided there for six years prior to the commencement of the proceeding and had signed an original lease and rider as well as renewal leases. Petitioner purchased the property from the prior owner in 2004 and commenced the holdover in 2005.

. The Housing Court Reporter Commentary for this case (34 HCR Comm 38) states: “The result of this case is correct. The proceeding must be dismissed as to the fictitious party because clearly no effort was made to find out the true name. Use of ‘Doe’ in this instance is clearly a matter of laziness and is properly not tolerated by the court.”