OPINION OF THE COURT
Margaret Gammer, J.
This is an ex parte application by petitioner to amend the address of the premises contained in the 30-day notice, notice of petition and petition herein from an incorrect to the correct address. Petitioner’s attorney, contending that this change is “immaterial” since respondents had appeared in this action and entered into a stipulation of settlement, makes this request because the defective description has apparently prevented petitioner from obtaining a warrant of eviction.
For the following reasons, the application is denied and the court, sua sponte, hereby dismisses this proceeding for lack of subject matter jurisdiction.
PROCEDURAL HISTORY
According to the court file, this holdover proceeding was commenced by petitioner in October, 1983, to recover possession of ah apartment located at 7913 Fifth Avenue in Brooklyn, New York.* Although not in the court file, ap *939 parently the 30-day notice which preceded this proceeding also described the location of the subject premises as 7913 Fifth Avenue, Brooklyn, N. Y. However, in his affidavit accompanying this application, petitioner’s attorney states that the 7913 Fifth Avenue address was the result of “several typographical errors” and is incorrect. The correct address of the subject premises, he avers, is 7905 Fifth Avenue, Brooklyn, N. Y., the address at which respondents were served with the 30-day notice, notice of petition and petition.
The court file further reveals that respondents appeared in this proceeding pro se and signed a stipulation of settlement before a mediator in which they consented to entry of a final judgment of possession with a three-month stay of warrant of eviction. The stipulation also provided for the payment of use and occupancy during the stay period.
According to the affidavit in support of this ex parte application, respondents failed to pay the agreed upon use and occupancy. Accordingly, petitioner moved to accelerate the issuance of the warrant. That motion was granted on default by another Judge. However, as noted earlier, petitioner has been unable to obtain a warrant because of the defective description contained in the pleadings which underlie this proceeding and, therefore, has made the instant application.
THE LAW
In order to confer jurisdiction upon the court in á summary proceeding, a petition must contain a proper description of the subject premises. (Village of Woodridge v Project18 Misc 2d 623; RPAPL 741, subd 3.) Rather than being “immaterial”, as claimed by petitioner, a defective description deprives the court of subject matter jurisdiction because “it affects the very essence of the proceeding.” *940 (Rasch, NY Landlord & Tenant — Summary Proceedings, § 1257, p 64.) This fact is demonstrated by petitioner’s dilemma here, namely, that as a result of the defective description contained in the pleadings, a marshal would be unable to determine the proper premises against which to execute the warrant of eviction.
An accurate description of the subject premises is so fundamental to a summary proceeding that courts have found petitions containing an incorrect description insufficient to confer jurisdiction even when a tenant failed to object on that ground and went to trial on the merits. (Campbell v Mallory, 22 How Prac 183; Potter v New York Baptist Mission Soc., 23 Misc 671 [App Term].) These rules apply with equal force to this proceeding.
Respondents’ original appearance did not, and cannot, confer the necessary jurisdiction. Subject matter jurisdiction cannot be conferred on the court by consent or agreement. (Robinson v Oceanic Steam Nav. Co., 112 NY 315; Kleinstein v Gonsky, 134 App Div 266.) Further, an objection based on lack of subject matter jurisdiction may be raised at any time during the proceedings, even on appeal. (Matter of Walker, 136 NY 20.) A court always has inherent power to vacate, set aside or modify its judgment, particularly where, as here, “the matter * * * is not a mere irregularity, it is [a] fundamental error of substance, affecting the power to proceed at all”. (Matter of City of Buffalo, 78 NY 362, 370; 2 Carmody-Wait 2d, p 147.) The nature of petitioner’s application forced the court to examine its own power. Since the court plainly never had jurisdiction of the subject matter of this proceeding in the first instance, the application must be denied, the judgment herein vacated, and the proceeding dismissed.
Even if this court had had jurisdiction over the subject matter, it would be compelled to deny petitioner’s motion in any event because it was made ex parte. Ex parte applications are rarely warranted, particularly where, as here, respondents had previously appeared. Basic considerations of constitutional due process (not to mention CPLR 2103, subds [c], [e]) require that a motion be made on notice to all parties except in certain rare statutorily sanctioned situations. (See, generally, Siegel, Practice Commentaries, *941 McKinney’s Cons Laws of NY, Book 7B, CPLR C2211:6, pp 32-33.) Consequently, the courts frown on a party obtaining an ex parte order where the other side has already appeared. (Luckey v Mockridge, 112 App Div 199; Lohne v City of New York, 25 AD2d 440.)
This proposition seems so obvious that it should hardly need comment. However, petitioner’s actions in this proceeding are, unfortunately, not an isolated instance. During the two weeks I sat in the Housing Part this past term, I was presented with various ex parte applications to amend similarly claimed “immaterial” defects. For the reasons above, such applications are irregular and should be denied as such.
For all of the foregoing reasons, petitioner’s application is denied, the judgment herein is vacated, and this proceeding is dismissed.

 The petition is unclear as to whether the premises are subject to any rent laws. It confusingly alleges that “the apartment is not subject to (the rent control or Rent Stabilization Laws of 1969) by reason of the fact that it is situated in a building with *939 stabilized apartments and tenant took occupancy in June, 1983.” It is thus unclear whether the premises are, or are not, rent stabilized. A petition must allege whether the premises are subject to rent control or rent stabilization, or the reasons they are exempt from those laws. Failure to adequately state the facts supporting exemption from the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq.) requires that the petition be dismissed. (Springfield Bayside Corp. v Greenberg, NYLJ, Aug. 21,1970, p 10, col 8 [App Term, 2d Dept]; Patterson v Daquet, NYLJ, Oct. 13,1970, p 20, col 2 [App Term, 2d Dept]; 22 NYCRR 2900.21 [e].) Thus, were the court not constrained to dismiss this proceeding on other grounds, this defect would raise serious questions about the court’s jurisdiction.