OPINION OF THE COURT
Gustin L. Reichbach, J.
Petitioner initiated the instant holdover proceeding against John and Jane Doe, seeking to recover possession of apartment 1 at 840 East 34th Street, Brooklyn. Petitioner now moves to substitute Michael Gore for "John Doe” as a party *865 respondent and to amend the caption of the petition and notice of petition to reflect the substitution. Respondent opposes this motion and seeks dismissal of the proceeding.
This case raises the issue of when a petitioner may initiate a "John Doe” proceeding pursuant to CPLR 1024, and what remedy is available if that statutory authority is misused.
CPLR 1024 authorizes the initiation of a proceeding against an unknown party under specified circumstances. The section reads in pertinent part: "A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known.”
As the Advisory Committee on Practice and Procedure noted, the chief occasion for utilizing this section "is in connection with unknown heirs of deceased owners of land” (1957 Report of NY Advisory Comm on Prac and Pro, vol 1, at 53). It is implicit in section 1024 that the unusual authority it sanctions should not be availed of in the absence of a genuine effort to learn the true name of the party. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1024:l, at 234; Chavez v Nevell Mgt. Co., 69 Misc 2d 718 [Civ Ct, NY County 1972]; 2 Weinstein-Korn-Miller, NY Civ Prac H 1024.04.) It must be demonstrated that the persons named as unknown actually are unknown. To make that showing, counsel should present an affidavit stating that a diligent inquiry has been made to determine the names of such parties. (Chavez v Nevell Mgt. Co., supra; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1024.04.)
A review of the background of this case demonstrates why petitioner was not entitled to utilize the procedures provided for by CPLR 1024.
Petitioner obtained title to the premises on December 13, 1990 after a foreclosure sale. Petitioner, represented by Horing & Welikson, of counsel to Howard Gallin, brought a holdover proceeding, and named the former owners of the building as the tenants of the first-floor apartment. (Capital Resources Corp. v Bandoo, index No. 051928/91.) Petitioner originally obtained a judgment of possession by default against the former owners. The respondent herein, Michael Gore, brought an order to show cause in that action in which he alleged, inter alla, that he was the tenant lawfully in possession and that he was never served with the notice of *866 petition and petition or even a notice of termination. Michael Gore further alleged that he did not receive any notice of the proceeding until he received a copy of the judgment addressed to "John Doe No. 1, Apt. #1” at the premises. The default was vacated by an order dated September 18, 1991.
Less than one month later, on October 10, 1991, petitioner served a new notice to quit, this time addressed to "John Doe #1, Jane Doe #1, and all other persons occupying the 1st floor apartment”. Two months later, in November 1991, petitioner, again represented by Horing & Welikson, of counsel to Howard Gallin, commenced this proceeding, but in place of the former owners, the respondents were named as "John Doe” and "Jane Doe.” Mr. Gore was not named anywhere in the notice to quit, the notice of petition or the petition.
No affidavit is attached to the petition alleging that petitioner made diligent inquiries to determine the name of the tenant on the first floor, nor was there even an allegation that petitioner did not know the tenant’s name. Indeed, in support of this motion to amend, petitioner acknowledges that it knew Mr. Gore lived in the building and was the subject of this proceeding. Its sole justification for having brought this proceeding against "John Doe” was because of some uncertainty as to which apartment Mr. Gore resided in. This claim was advanced notwithstanding that Mr. Gore had in the prior proceeding identified himself as the tenant in apartment 1. This is a two-family house. Petitioner also had before the court a proceeding seeking possession of the other apartment in the building, which was also brought as a "John Doe” proceeding.
It is clear, indeed undisputed, that petitioner knew Mr. Gore’s name and identity prior to the initiation of this proceeding. It therefore follows that petitioner misused the statutory authority for resort to CPLR 1024. The issue is whether petitioner may now amend its petition or whether the petition should be dismissed.
Petitioner argues that it has the right to liberally amend the notice of petition and petition, nunc pro tune, citing Jackson v New York City Hous. Auth. (88 Misc 2d 121 [App Term, 1st Dept 1976]), and relying on Teachers Coll. v Wolterding (77 Misc 2d 81 [App Term, 1st Dept 1974]). Petitioner argues that since respondent does not contest receiving process, the petition can be freely amended.
Because a summary proceeding is entirely statutory in *867 origin, there must be strict compliance with the statute to give the court jurisdiction. (Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [4th Dept 1983]; Little v Gallatin Props., NYLJ, May 13, 1992, at 26, col 4 [Kings County]; see also, Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719 [1987]; Giannini v Stuart, 6 AD2d 418 [1st Dept 1958]; 141 St. Assocs. v Smith, NYLJ, June 20, 1991, at 25, col 3 [App Term, 1st Dept].) For many years, the courts strictly construed compliance with pleading requirements. (Dulherg v Ebenhart, 68 AD2d 323 [1st Dept 1979]; Caiado v Bischoff, 140 Misc 2d 1014 [1988].) The recent trend has been to more liberally permit correction by amendment. (Jackson v New York City Hous. Auth., 88 Misc 2d 121 [App Term, 1st Dept 1976], supra.) However, this permissive approach is not without limits and if the defect in the petition affects the " 'very essence of the proceeding’ ” (Papacostopulos v Morrelli, 122 Misc 2d 938, 939 [Civ Ct, Kings County 1984]; Thomas v Greenidege, NYLJ, Jan. 21, 1992, at 35, col 2 [Kings County]), or if the petition is "fundamentally flawed in material respects” it cannot serve as a predicate for eviction (141 St. Assocs. v Smith, supra, at 25, col 4).
In this instance, the rules regarding when a petition may be amended must be read together with the requirements of CPLR 1024 to determine whether this petition may be amended or whether it is fatally flawed.
Petitioner argues that the court’s focus should be exclusively on the issue of whether or not respondent will suffer any prejudice if leave to amend is granted and that noncompliance with the requirement of CPLR 1024 is not relevant to this determination.
Petitioner relies on Teachers Coll. v Wolterding (77 Misc 2d 81 [App Term, 1st Dept 1974], supra) and argues that it provides authority permitting it to freely amend its petition. However, there are crucial factual differences between Teachers Coll, and this case. In Teachers Coll, the prime tenant was named in the caption while the subtenant was named as an unknown party. However, the subtenant was designated by name in the body of the petition as the occupant of the premises whose possessory interest was sought to be terminated. The subtenant’s name was only missing from the caption. The court said such an omission could be amended. Here, the tenant is sued as an unknown party, Mr. Gore’s name is completely absent from the body as well as the caption of the petition and the petitioner acknowledged that it *868 knew Mr. Gore was the tenant prior to bringing this proceeding.
This is petitioner’s second proceeding concerning these premises and petitioner and petitioner’s attorney had actual notice of respondent’s name from the earlier proceeding. If the court were to ignore this blatant misuse of CPLR 1024 and focus not on the issue of statutory compliance but solely on the question of prejudice, the result would be to sanction the use of "John Doe” proceedings at well. It is not hard to imagine the mischief that such a ruling would engender. If actual prejudice was the only standard petitioners would be free to ignore the statutory prerequisites and simply name "John Doe” instead of the actual tenant. If the "John Doe” respondent failed to appear, a default would be granted. If the respondent did appear, petitioner would be free to simply amend.
This court takes notice that more than one third of all judgments of possession are granted on default. (See, Comm on Legal Assistance of Assn of Bar of City of NY [Hous Ct Pro Bono Project] Part II [June 1988].) To sanction a practice which vitiates the requirements of CPLR 1024 would greatly increase the number of default judgments, and would invite the very abuse the statutory requirements were designed to prevent.
Under the factual circumstances in this case, this court finds petitioner’s conduct has skirted the very edges of sanctionable misconduct. (Rules of Chief Administrator of Courts [22 NYCRR] § 130-1.1; see, e.g., East Harlem Pilot Block Bldg. HDFC v Serrano, NYLJ, Apr. 28, 1992, at 23, col 3 [NY County].)*
Accordingly, the petition is dismissed.

 If respondent had defaulted and had been evicted based on this proceeding, petitioner’s attorney might well have been held personally liable to respondent for damages. (Chavez v Nevell Mgt. Co., 69 Misc 2d 718 [NY County 1972], supra.) Chavez was an action by a tenant against her former landlord and the landlord’s attorney to recover damages sustained as a result of tenant’s eviction. A summary nonpayment proceeding was instituted against a "John Doe,” and a default judgment was granted. The landlord’s attorney’s secretary was notified of the tenant’s actual name postjudgment, but prior to the execution of the warrant. The court held that the attorney misused the authority of CPLR 1024 because the attorney was obligated not to permit the eviction to proceed in the name of "John Doe” once the true name of the tenant was reported to his secretary.