*306 OPINION OF THE COURT
Diana Johnson, J.
Petitioner moved for partial summary judgment dismissing respondents’ defense of lack of personal jurisdiction and respondents’ affirmative defenses and counterclaims. Respondents cross-moved for an order to dismiss the proceeding and for summary judgment, one of the bases for which being only one proceeding was commenced seeking possession of the entire dwelling.
The underlying proceeding is a holdover squatter proceeding. The petition describes the premises from which removal is sought as, "Apt. No. house on the all floor consisting of all rooms in premises located at 984 Sutter Ave.” There is no dispute the dwelling was served by posting one notice and one petition onto the common entrance door to the dwelling. Respondents allege the dwelling contains three families living independently of one another. Petitioner counters the living arrangements are irrelevant having been created by the respondents, and that the petition describes the premises sufficiently as possession is sought of the entire premises.
If the dwelling were a one-family dwelling, petitioner would perhaps be correct. However, petitioner’s own ownership records show that the dwelling contains two residential units and has a certificate of occupancy as such. Although petitioner may aver no knowledge as to the living arrangements of respondents,* petitioner did know the dwelling contained two residential units. Thus at a bare minimum it was incumbent upon petitioner to serve the number of units listed on the certificate of occupancy and its ownership records. If petitioner did not know who was residing in the units, the occupants could have been served as "John and Jane Doe.”
The court in making this determination is not addressing whether posting the notice and the petition upon the common entrance door was sufficient to comply with RPAPL 735. Antecedent to determining whether personal jurisdiction obtained, is whether the court has jurisdiction over the proceeding. Serving an entire dwelling containing more than one residential unit via a single petition fails to comply with RPAPL 741 (3) which requires that the petition, "[djescribe *307 the premises from which removal is sought.” Petitioner’s logic, that the mere fact one seeks possession of an entire dwelling justifies the bringing of one proceeding describing the entire dwelling, leads to jurisdictional and procedural quagmires. Assume the subject dwelling contained six residential units of which petitioner commenced one proceeding seeking possession of the entire dwelling. If only one occupant of one of the units appeared on the return date of the petition, would this constitute an appearance by or on behalf of all occupants of the dwelling, such that default judgments against the remaining five units and their occupants could not be granted? If it is unlikely petitioner would accede to such a position. Or assume two occupants of separate units in the dwelling appear and enter into stipulations of settlement agreeing to vacate the premises which stipulations provide for entry of a final judgment of possession and issuance of a warrant of eviction. Suppose they do not voluntarily vacate. From which units does the Marshal evict? How can the Marshal evict as the premises described in the petition is the entire dwelling? An occupant can only be evicted from the space he actually occupies. Here the Marshal would be unable to determine the proper unit against which to execute the warrant of eviction.
An accurate description of the subject premises in the petition, in the case of dwellings containing more than one residential unit means the individual apartment unit designation. Each individual, independent unit from which removal is sought must be specifically identified in a separate petition. Here the failure to do so deprives the court of jurisdiction. Accordingly the court grants respondent’s cross motion to the extent of dismissing the proceeding. The court having done so does not reach or make a determination as to the other arguments advanced in the motions.

 This is a hollow argument as there is no claim that an investigation could not have been conducted prior to commencing the proceeding. At the very least there should be an allegation that some attempt was made or why it could not be made.