OPINION OF THE COURT
Richard F. Braun, J.
This is a summary holdover proceeding brought pursuant to *220 RPAPL 713. According to petitioner, it lent money to respondent John R. Souto (Souto), who was the former owner of the shares of stock for the subject cooperative apartment and holder of the proprietary lease therefor. Petitioner further states that, upon the default of respondent Souto in his obligations under the loan, petitioner foreclosed on the pledged shares and proprietary lease, and acquired them at the foreclosure sale.
This proceeding is predicated on a notice to quit (Notice), which was allegedly served on March 9, 1993. Respondents Souto and Gail Stenbury (respondents) move to dismiss the petition based on alleged defects in the Notice.
One argument of respondents for dismissal is that the Notice is defective because it is addressed to "Jane Doe” rather than to respondent Gail Stenbury (Stenbury) by name, whose name petitioner knew. In a prior summary proceeding between the parties (L&T 111997/92), respondent Stenbury was sued as respondent Jane Doe. The attorneys for the parties in that proceeding were the same as those here. In that proceeding, in her attorneys’ notice of appearance and answer, she was identified as "Gail Stenbery”. In an affirmation of petitioner’s attorney in that proceeding, he made reference to respondent Gail Stenbury as Gail Stenbery. Respondent’s attorney sent a letter, dated February 22, 1993, to petitioner’s real estate broker, with a copy to petitioner’s attorney, in which he said that Gail Stenbury occupied the subject premises. In this proceeding, although she was not identified in the Notice by name, she was named in the caption of the notice of petition and petition, and in the body of the notice of petition.
CPLR 1024 permits a party to proceed against another party all or part of whose name is unknown by "designating so much of his [or her] name and identity as is known.” If none of the name is known, then a completely fictitious name may be utilized. However, such a designation can only be made if the designating party does not know all or part of the other party’s name; otherwise, the party must be identified to the extent that his or her name is known. (ABKCO Indus. v Lennon, 52 AD2d 435, 441 [1st Dept 1976]; Leist v Richburg, NYLJ, Nov. 18, 1987, at 13, col 2 [App Term, 2d & 11th Jud Dists]; Capital Resources Corp. v Doe, 154 Misc 2d 864 [Civ Ct, Kings County 1992]; see also, Town of Hancock v First Nat’l. Bank, 93 NY 82, 85-86 [1883].)
*221 Although none of those holdings was based on the failure to plead a known name in a predicate notice in a summary proceeding, the same rationale applies to such a notice. Where a party is required to be served with a predicate notice, due process of law mandates that he or she be given such notice as will be likely to be received by him or her. (See, Mullane v Central Hanover Trust Co., 339 US 306, 314 [1950].) Needless to say, it is more probable that a party served with a predicate notice will receive it if it is addressed to him or her by his or her actual name than by a fictitious name, especially where, as here, it is served by affixation and mail service. Furthermore, even if it is received by the party, he or she will be more likely to understand that the predicate notice is meant to require him or her to move out of the premises or face an eviction proceeding where he or she is named in the notice than where it is addressed to a fictitious name like "Jane Doe”.
Although service of a notice pursuant to RPAPL 713 is not a subject matter jurisdictional requirement, it is a necessary condition precedent to the proceeding. (170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1st Dept 1991]; Priel v Priel, NYLJ, Mar. 5, 1993, at 25, col 3 [App Term, 1st Dept].) A predicate notice to a summary holdover proceeding is not amendable. (Chinatown Apts, v Chu Cho Lam, 51 NY2d 786 [1980].) Where a defective predicate notice has been served, the proceeding based thereon falls with the defective notice.
Therefore, as the Notice here is defective, this proceeding must be dismissed. The other arguments of respondents need not be addressed. The motion is granted, and this proceeding is dismissed without prejudice.