■ WAYNE CLARKE, Appellant-Respondent, v WALLACE OIL COMPANY, INC., Respondent-Appellant. (Matter No. 1.) In the Matter of WALLACE OIL COMPANY, INC., Respondent, v WAYNE CLARKE, Appellant. (Matter No. 2.) [727 NYS2d 139] —In an action to recover damages for fraud (Matter No. 1), and a proceeding to recover rent arrears pursuant to RPAPL article 7 (Matter No. 2), which were joined for trial, Wayne Clarke appeals from (1) a judgment of the Supreme Court, Orange County (Williams, J.H.O.), entered November 30, 1999, which, after a nonjury trial, is in favor of Wallace Oil Company, Inc., and against him dismissing the complaint in Matter No. 1, and Wallace Oil Company, Inc., cross-appeals from that judgment, and (2) a judgment of the same court, also entered November 30, 1999, in Matter No. 2, which, after the nonjury trial, is in favor of Wallace Oil Company, Inc., and against him in the principal sum of $23,412.27.

Ordered that the cross appeal is dismissed as abandoned (*see*, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment in Matter No. 1 is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment in Matter No. 2 is reversed, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which

was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421; *see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318; *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403). The "standard of proof for establishing fraud is clear and convincing evidence" (*Cavell v Sialiano,* 279 AD2d 599; *see, Simcuski v Saeli,* 44 NY2d 442; *Rudman v Cowles Communications,* 30 NY2d 1). As the plaintiff in Matter No. 1, Wayne Clarke, failed to demonstrate that he justifiably relied on the alleged assertions of the defendant, the court properly dismissed the complaint in that matter.

However, the court improperly awarded judgment in favor of Wallace Oil Company, Inc. (hereinafter Wallace Oil), in Matter No. 2, the summary proceeding. "[F]ailure strictly to comply with the statutes governing summary proceedings deprives the court of jurisdiction and mandates dismissal. '[A] summary proceeding is a special proceeding governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction' " (*MSG Pomp Corp. v Jane Doe,* 185 AD2d 798, 799-800, quoting *Berkeley Assocs. Co. v Di Nolfi,* 122 AD2d 703, 705).

Here, Wallace Oil misidentified the subject premises in its petition to recover rent arrears. That defect deprived the court of subject matter jurisdiction (*see, Papacostopulos v Morrelli,* 122 Misc 2d 938; RPAPL 741 [3]). O'Brien, J. P., S. Miller, Friedmann and Townes, JJ., concur.