*546 OPINION OF THE COURT
Paul G. Feinman, J.
In this commercial nonpayment summary proceeding, respondent moves to dismiss pursuant to CPLR 3211 (a) (1), (7) and (8). It argues there was not a proper demand for rent pursuant to RPAPL 711 (2), and that the notice to cure and the notice of petition and petition fail to adequately describe the premises pursuant to RPAPL 741 (3). For the reasons stated below, the notice of petition and petition fail to adequately describe the premises and respondent’s motion is granted.
The Notice to Cure
The notice to cure, dated June 18, 2003, is issued on the letterhead of “Empire State Building Company LLC,” with an address at the Empire State Building, 350 Fifth Avenue, New York, New York 10118. The signature on page 3 is by Stephen A. Tole, vice-president and general manager of Helmsley-Spear, Inc., the agent for “Empire State Building, LLC.” Although respondent argues that there is no entity entitled Empire State Building, LLC, and this error invalidates the proceeding, its argument is unpersuasive, given that the letterhead clearly identifies petitioner by its correct name, and petitioner’s typed name is not so egregiously mistyped that it would cause respondent difficulties in understanding the entity bringing the proceeding. “[W]ith respect to the adequacy of notice, the appropriate test is one of reasonableness in view of the attendant circumstances.” (Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv denied 90 NY2d 829 [1997].) Defects, mistakes and irregularities are to be ignored by the court absent a showing of prejudice (Zirinsky v Violet Mills, 152 Misc 2d 538, 541 [Civ Ct, Queens County 1991], citing Cucinotta v Saljon Enters., 140 Misc 2d 681 [Civ Ct, NY County 1988], and CPLR 104, 2001, 2101 [f]; 3025 [c]; 3026). Here, where there is no question that petitioner is the correct entity to bring the proceeding, the fact that there is a typographical mistake in its signature fine omitting the word “company” is an amendable error (Zirinsky at 541).
The Notice of Petition and Petition
The caption and body of the notice of petition describe the premises as “Stores 22-23, C-9, PT C-33.” (Notice of motion, exhibit C.) Respondent argues this description is inadequate under RPAPL 741. Petitioner notes that the description is taken from the original lease, and argues that any inadequacy is *547 amendable, relying on 401 Commercial v HIA Trading Assoc. (NYLJ, Feb. 26, 1999, at 26, col 2 [App Term, 1st Dept]) and Zebzde v Rhodes (NYLJ, Dec. 5, 1995, at 33, col 4 [App Term, 2d & 11th Jud Dists]). Zebzde allowed the pleadings to be amended so as to correct a wrong apartment number. 401 Commercial held that the infirmities in the description of the premises were amendable because although it did not specify the actual street address then used by the tenant, the description of the premises in the petition was consistent with the original lease agreement and the floor plan annexed to the petition. Here, however, the description is not “wrong,” but when compared to the description in the lease, it is insufficient. The lease also refers to a diagram denoting the areas in question and states that the stores are on the ground and concourse levels of the building (affidavit in opposition, exhibits D, E). However, the diagram was not made a part of the notice of petition and petition, nor does the petition describe the stores as being on the ground and concourse levels. Thus, 401 Commercial is not applicable.
The description of the premises must be accurate enough to allow the marshal, when executing the warrant of eviction, to locate the premises without additional information (City of New York v Mortel, 156 Misc 2d 305, 307 [Civ Ct, Kings County 1992], affd 161 Misc 2d 681 [App Term, 2d Dept 1994]; see also Finkelstein and Ferrara, Landlord and Tenant Practice in New York §§ 15:252-15:255 [2003]). Here, where the stores are located in a large building which has several other stores, their designation by letters and numbers, which neither party has argued coincide with interior “addresses,” simply is insufficient to accord with the requirement of the statute that there be an adequate description of the premises from which recovery is sought (cf., 1275/1291 Broadway v East Side Caterers, NYLJ, May 9, 2001, at 21, col 2 [Civ Ct, NY County] [dismissal warranted where the lease described the premises as “Room VC-8 cross-hatched on Exhibit B,” while the petition only described the premises as “Food Court — 7th level,” and there were at least 24 designated spaces on the seventh level; although the premises had an identifying sign, the petition itself did not indicate the name of the premises]). If petitioner had included a copy of the diagram and noted that the stores were on the ground and concourse levels, then any question of the petition’s infirmity would have been addressed by directing amendment to include a fuller description. As drafted and served, the petition fails to satisfy the statutory requirements and the proceeding must be dismissed.
*548 Therefore, it is ordered that the motion to dismiss the proceeding is granted.