*371 OPINION OF THE COURT
Lucy Billings, J.
I. Background
In this summary nonpayment proceeding to recover possession of store Nos.l through 3 at 272 Sherman Avenue, New York County, respondent has cross-moved for summary judgment dismissing the petition, on the ground that the petition does not adequately describe the premises petitioner seeks to recover. (RPAPL 741 [3]; CPLR 3211 [a] [7]; 3212 [b].) Petitioner has withdrawn its motion to dismiss respondent’s defenses and for summary judgment. Since respondent’s motion and petitioner’s opposition presented a material factual issue which, if determined in respondent’s favor, would prevent petitioner from maintaining its cause of action (RPAPL 741 [3]; CPLR 3211 [a] [7]), and be dispositive of the proceeding (CPLR 3212 [c]; Tache-Haddad Enters. v Melohn, 224 AD2d 213, 214 [1st Dept 1996]; Trust Co. of N.J. v Young, 169 AD2d 561 [1st Dept 1991]; Hongkong & Shanghai Banking Corp. v 335 Oser Ave. Assoc., 223 AD2d 676, 677 [2d Dept 1996]), the court ordered a trial on this limited issue. (CPLR 2218, 3212 [c]; Constitution Realty v Oltarsh, 309 AD2d 714, 715 [1st Dept 2003]; Hongkong & Shanghai Banking Corp. v 335 Oser Ave. Assoc., 223 AD2d at 677.)
The petition describes the premises as “all rooms, store #1, #2 and #3, in the building known as 272 Sherman Avenue.” (Petition 1i 4.) On February 18, 2004, the court heard evidence on the adequacy of this description and admitted 11 photographs of the premises, all but one of which, a photograph offered by respondent, the parties stipulated to admit, and three of which were simply enlargements of other admitted photographs.
At the outset of the continued proceedings, on February 23, 2004, respondent having rested her case, petitioner moved to deny her motion on the ground that the evidence presented failed to show the petition’s description of the premises was inadequate. After hearing the parties’ arguments and reviewing the evidence, the court summarized the following findings and conclusions on the record, holding that the evidence did establish the petition’s description was incomplete, misleading, and hence inadequate. When petitioner then chose not to offer any further evidence and rested, the court granted respondent’s motion for summary judgment based on the inadequate description of the premises and dismissed the proceeding for the reasons explained below.
*372 II. The Applicable Standard
The petition in a summary nonpayment proceeding must “[djescribe the premises from which removal is sought.” (RPAPL 741 [3].) The precision with which the premises sought to be recovered are described in the petition is particularly critical, as the address and description in the petition are the basis for the address and description in the warrant of eviction, which must ensure execution by a marshal, unfamiliar with the premises, at the correct location. Therefore, the petition must provide a specific enough description of the premises occupied by respondent to allow the marshal when executing the warrant of eviction to locate the premises without additional information. (City of New York v Mortel, 156 Misc 2d 305, 307 [Civ Ct, Kings County 1992], affd 161 Misc 2d 681 [App Term, 2d Dept 1994]; Papacostopulos v Morrelli, 122 Misc 2d 938, 940 [Civ Ct, Kings County 1984].)
An accurate description of the premises in the petition (RPAPL 741 [3]) “is so fundamental to a summary proceeding” that an inaccuracy is a fatal defect which the court may not correct or disregard as a mere irregularity. (Papacostopulos v Morrelli, 122 Misc 2d at 940; see City of New York v Mortel, 156 Misc 2d at 307, affd 161 Misc 2d 681 [1994]; St. Lewis v Lewis, NYLJ, Aug. 26, 1998, at 24, col 6 [Civ Ct, Kings County].) Based on the textual description of the premises in the petition here, it suffers from a nonamendable, fatal defect “so fundamental to a summary proceeding” as to require dismissal on that ground. (Papacostopulos v Morrelli, 122 Misc 2d at 940; see RPAPL 741 [3]; Clarke v Wallace Oil Co., 284 AD2d 492, 493 [2d Dept 2001]; Estate of Harrison v White, NYLJ, Mar. 26, 1997, at 31, col 4 [Civ Ct, Kings County].)
III. The Defect in the Premises’ Description
The evidence adduced establishes that “the building known as 272 Sherman Avenue” (petition U 4) is on the west side of Sherman Avenue between Isham Street to the south and West 211th Street to the north. The building contains four stores on the ground level, three flanking the main entrance to the residential portion of the building on the entrance’s north side, and one flanking the entrance on the south. Respondent leases and occupies the store farthest to the south, closest to Isham Street. The residential entrance is immediately adjacent to the north. The three other stores are north of the entrance in the direction of West 211th Street. A sign advertising “272 Sherman Mini-Market” extends along the top of respondent’s space.
*373 Petitioner contends that this sign makes clear which stores are part of respondent’s leased space. Neither the sign, nor any other demarcation, however, indicates that the “Mini-Market” is store Nos. 1 through 3 or more than one store or that the other stores are store Nos. 4 through 6. (Empire State Bldg. Co. v Progressive Catering Servs., 2 Misc 3d 545 [Civ Ct, NY County 2003].) Moreover, nothing guarantees that the sign will remain or continue to advertise a “Mini-Market” or any other business akin to a “grocery store.” “The subjective name assigned to a business is not an objective method of determining which premises are sought.” (1275/1291 Broadway v East Side Caterers, NYLJ, May 9, 2001, at 21, col 2 [Civ Ct, NY County].) While the petition’s caption states respondent’s name, Juana Vasquez, “d/b/a Grocery Store,” the sign does not state “Grocery Store,” and nothing indicates that the two adjacent stores are not part of the grocery store or that respondent does not lease and occupy them as storage spaces, for expansion purposes, for other business purposes, or otherwise. (See id.)
The petition simply describes three stores. Relying on the petition, even if supplemented by the caption’s “d/b/a Grocery Store,” the marshal quite properly could evict the occupants of the mini-market and the two stores to the north, neither of which respondent in fact leases or occupies. The description in the petition even risks evictions from the three stores to the north of the mini-market, none of which respondent leases or occupies, and not from the mini-market at all. The premises’ description unquestionably leaves uncertainty as to the location of respondent’s premises. (Estate of Harrison v White, NYLJ, Mar. 26, 1997, at 31, col 4.) Because this uncertainty risks evictions of other enterprises, unassociated with respondent, such as the Beauty Center, operating at one or more of the other three store locations, the court may not permit the current petition to proceed. (1275/1291 Broadway v East Side Caterers, NYLJ, May 9, 2001, at 21, col 2; St. Lewis v Lewis, NYLJ, Aug. 26, 1998, at 24, col 6; see Broadway Madison Assoc. v Minter & Gray, NYLJ, Jan. 23, 1995, at 27, col 4 [App Term, 1st Dept].)
IV The Consequences of the Defect
Absent any argument by petitioner to amend the petition’s description of the premises, let alone a motion to amend the petition in this regard, the inadequate description of the premises petitioner seeks to recover in this nonpayment petition fails to satisfy RPAPL 741 (3)’s requirement, mandating dismissal. (Clarke v Wallace Oil Co., 284 AD2d at 493; Empire State Bldg. *374 Co. v Progressive Catering Servs., 2 Misc 3d at 546-547; 1275/1291 Broadway v East Side Caterers, NYLJ, May 9, 2001, at 21, col 2; Estate of Harrison v White, NYLJ, Mar. 26, 1997, at 31, col 4; see Tompkins Park — St. Marks Assoc. v Boz Boz II Enters., 177 Misc 2d 949, 950 [App Term, 1st Dept 1998].) Moreover, here the petition’s description is not erroneous, requiring simple correction of a typographical or other inadvertent error (see Zebzda v Rhodes, NYLJ, Dec. 5, 1994, at 33, col 4 [App Term, 2d Dept]; St. Lewis v Lewis, NYLJ, Aug. 26, 1998, at 24, col 6), or conformance with the actual street address used by the tenant. (See 401 Commercial v HIA Trading Assoc., NYLJ, Feb. 26, 1999, at 26, col 2 [App Term, 1st Dept].) Instead, the description is incomplete, requiring an elaboration that is beyond the court’s province to supply sua sponte, and thus preventing the court from proceeding further. (Empire State Bldg. Co. v Progressive Catering Servs., 2 Misc 3d at 547; St. Lewis v Lewis, NYLJ, Aug. 26, 1998, at 24, col 6.)
For these reasons, the court grants respondent’s motion for summary judgment based on the petition’s inadequate description of the premises and dismisses the proceeding.