OPINION OF THE COURT
Delores J. Thomas, J.
*337 Respondent submits a motion seeking dismissal of this case on the grounds that petitioner failed to sufficiently describe the subject premises for which it seeks to recover possession pursuant to Real Property Actions and Proceedings Law § 741 (3). Petitioner opposes the motion.
Respondent argues that the petition is defective in that the premises are described in the petition as “No. part of the 2nd fir bet. Building A & B, at 14 Whale Square aka 14 53rd St., NY 11232” and such description is not specific enough “to allow the marshal when executing the warrant of eviction to locate the premises without additional information” (see, 272 Sherman, LLC v Vasquez, 4 Misc 3d 370, 372 [Civ Ct, NY County 2004]). Respondent further argues that this vague description could cause the eviction of one of the other three tenants on that floor since there are no signs distinguishing one space from another.
Petitioner argues the petition reflects the exact language and description of the premises as listed in the lease and the description of the premises is the one that both sides signed and agreed to in the lease.
The description of the subject premises in the lease in relevant part states: “Owner hereby leases to Tenant and Tenant hereby hires from Owner PART OF THE SECOND FLOOR (Between Building A&B) in the building known as[*] 14 53rd (a/n 14 WHALE SQUARE).”
The description in the petition and notice of petition is a recitation of what is written in the lease. The question for this court to answer is whether the above description of the subject premises in this summary proceeding is a legally sufficient description pursuant to RPAPL 741 (3).
RPAPL 741 (3) states: “Every petition shall. . . (3). Describe the premises from which removal is sought.” The courts have long required the petition to have a “specific enough description of the premises occupied by respondent to allow the marshal when executing the warrant of eviction to locate the premises without additional information” (see, 272 Sherman, LLC v Vasquez, supra at 372).
Respondent cites two cases where the courts dismissed the petition based upon a problem with the premises description: one where there was an incorrect description (Papacostopulos v Morrelli, 122 Misc 2d 938 [Civ Ct, Kings County 1984]) and one *338 where the subject premises were misidentified (Clarke v Wallace Oil Co., 284 AD2d 492 [2d Dept 2001]). These two cases differ from the issue presented herein. The description of the subject premises in this case is not merely incorrect or misidentified; the description is incomplete and/or vague (see, Empire State Bldg. Co. v Progressive Catering Servs., 2 Misc 3d 545 [Civ Ct, NY County 2003]). In Empire, a summary nonpayment proceeding, the caption and body of the notice of petition described the premises as “Stores 22-23, C-9, PT C-33” (at 546). The respondent, in that case, argued that the description was inadequate under RPAPL 741. The petitioner argued that the description was taken from the original lease and that any inadequacy was amendable. The court, in Empire, held that the description of the premises must be accurate enough to allow the marshal, when executing the warrant of eviction to locate the premises without additional information. That court also found (at 547):
“[W]here the stores are located in a large building which has several other stores, their designation by letters and numbers, which neither party has argued coincide with interior ‘addresses,’ simply is insufficient to accord with the requirement of the statute that there be an adequate description of the premises from which recovery is sought” (citation omitted).
In our present case, petitioner has not shown that there is a number on the store, or any designation as to the exact address of the store, named in this proceeding that would aid the marshal in evicting the appropriate tenant. Nor has petitioner stated that respondent is the only occupant on the floor of the subject premises. Even though the description of the premises is exactly as listed in the lease, such description is insufficient to effectuate a proper eviction of the tenant in this proceeding. The marshal would be confused as to which tenant is to be evicted on this floor since there are three other tenants on the floor (see, notice of motion, Ralph Kraiem’s affidavit II11) and it is not the function of the marshal to guess which tenant is to be evicted. There is no explanation in the lease as to what is meant as “PART OF THE SECOND FLOOR.” Which part of the floor are the parties talking about? Nor is there an explanation as to what the “#” as listed in the lease means. Is this a typographical error for the number “3”?
Petitioner has not cited any cases for the proposition that a description of a subject premises is always legally sufficient for *339 a summary proceeding pursuant to RPAPL 741 (3) as long as it mirrors the description in the lease. The court finds that even though the petition reflects the exact words listed in the lease, the description of the subject premises leaves it unclear as to the exact location of the respondent’s business.
The court also notes that the petition was not accompanied by a diagram or plans of the floor showing where the respondent is located on the second floor. Therefore the description by itself without more information is legally insufficient to comply with RPAPL 741 (3).
Since an accurate description of the subject premises is fundamental to a summary proceeding (see, Papacostopulos v Morrelli, supra), failure to comply with the statutes governing summary proceedings renders the petition defective (see MSG Pomp Corp. v Doe, 185 AD2d 798 [1st Dept 1992]), the court must grant respondent’s motion.
Accordingly, respondent’s motion to dismiss this proceeding is granted based upon a defective description of the premises from which removal is sought.

 The “#” is handwritten into the lease above the word “as.”