Kitty Holding Corp. v Corriette (2021 NY Slip Op 50072(U))

[*1]

Kitty Holding Corp. v Corriette

2021 NY Slip Op 50072(U) [70 Misc 3d 137(A)]

Decided on February 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-590 N C

Kitty Holding Corp., Respondent,
against
Brian Corriette, Individually and Doing Business as Boulevard Design,
Inc., Appellant. 

The Law Offices of Audrey Thomas, PLLC (Audrey A. Thomas of counsel), for appellant.
Noreen E. Stolz, for respondent (no brief filed).

Appeal from a final judgment and an order of the District Court of Nassau County, First
District (Scott Fairgrieve, J.), entered March 7, 2019 and March 25, 2019, respectively. The final
judgment, entered pursuant to a February 19, 2019 stipulation of settlement, awarded landlord
possession in a holdover summary proceeding. The order denied tenant's motion to, among other
things, stay the execution of a warrant of eviction.

ORDERED that so much of the appeal as is from the final judgment is dismissed; and it is
further,
ORDERED that the order is affirmed, without costs.
In this commercial holdover proceeding, Brian Corriette, Individually and Doing Business as
Boulevard Design, Inc. (tenant), stipulated, on February 19, 2019, to the entry of a final judgment
awarding landlord possession, with execution of a warrant of eviction stayed on condition that
tenant pay $20,000 by means of a check made payable to "Original Mecco, Inc." and delivered to
landlord's principal by February 27, 2019, and on the further condition that tenant make
additional monthly payments. Tenant defaulted in making the payment due on February 27, 2019,
in that he sent a check made payable to "Mecco, Inc." to landlord's attorney, which arrived on
March 8, 2019. Tenant moved for a stay of the warrant of eviction, in effect requesting that his
default be excused. On the return date of the motion, March 25, 2019, tenant had not delivered a
proper replacement check to landlord's principal and he failed to offer an excuse for the late
payment.
No appeal lies from the final judgment, as it was entered pursuant to a stipulation
(see CPLR 5511; Daley v
Billinghurst, 5 Misc 3d 138[A], 2004 NY Slip Op 51621[U] [App Term, 2d Dept, 2d
& 11th Jud Dists 2004]; Brown v
Chase, 3 Misc 3d 129[A], 2004 NY Slip Op [*2]50371[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).
While subject matter jurisdiction may always be raised (see Lacks v Lacks, 41 NY2d 71
[1976]), contrary to tenant's contentions, his claims on appeal do not implicate subject matter
jurisdiction (see Guardino v Kidd, 305 AD2d 635 [2003]). More specifically, there is no
merit to tenant's contentions that there is a lack of subject matter jurisdiction based on landlord's
alleged lack of standing (see Rufai v
Providence, 28 Misc 3d 134[A], 2010 NY Slip Op 51353[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2010]; Daley
v Billinghurst, 5 Misc 3d 138[A], 2004 NY Slip Op 516621[U] [App Term, 2d Dept, 2d
& 11th Jud Dists 2004]), the petition's description of the relationship between Kitty Holding
Corp. and Brian Corriette (see 433 W. Assoc. v Murdock, 276 AD2d 360, 360-361
[2000]; Fizzinoglia v Capozzoli, 58 Misc 3d 149[A], 2018 NY Slip Op 50081[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2018]), or the description of the premises in the
petition (see Birchwood Towers #2 Assoc. v Schwartz, 98 AD2d 699 [1983]; Fountain Terrace Owners, Inc. v Balic,
59 Misc 3d 136[A], 2018 NY Slip Op 50519[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2018]; 5670 58 St. Holding
Corp. v ASAP Towing Servs., Inc., 57 Misc 3d 137[A], 2017 NY Slip Op 51302[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; cf. Clarke v Wallace Oil Co.,
284 AD2d 492, 493 [2001]). There is also no merit to tenant's allegation of a constructive trust
between the parties (see Fizzinoglia, 58 Misc 3d 149[A], 2018 NY Slip Op
50081[U]).
Settlement stipulations are favored and will not be undone absent proof that the stipulation
was obtained by fraud, collusion, mistake, accident or other ground sufficient to invalidate a
contract (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of
Frutiger, 29 NY2d 143 [1971]). Under the circumstances, tenant has not demonstrated that
the Civil Court improvidently exercised its discretion in denying his motion to stay the execution
of the warrant (see Austin Clayton
Holdings, LLC v Taylor, 48 Misc 3d 132[A], 2015 NY Slip Op 51059[U] [App Term,
2d, 11th & 13th Jud Dists 2015]; First Pine Realty Corp. v Morales, 28 Misc 3d 126[A], 2010 NY
Slip Op 51138[U] [App Term, 1st Dept 2010]).
Accordingly, so much of the appeal as is from the final judgment is dismissed and the order
is affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 4, 2021