1759 Monroe Ct. LLC v Brown (2024 NY Slip Op 50143(U))

[*1]

1759 Monroe Ct. LLC v Brown

2024 NY Slip Op 50143(U)

Decided on February 14, 2024

Civil Court Of The City Of New York, Bronx County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through February 20, 2024; it will not be published in the printed Official Reports.

Decided on February 14, 2024
Civil Court of the City of New York, Bronx County

1759 Monroe Court LLC, Petitioner,

against
A. Brown & L. Brown, Respondents.

Index No. 336740/2023 

Slochowsky & Slochowsky LLP
Attorneys for Petitioner
26 Court Street, Suite 304
Brooklyn, NY 11242

Shorab Ibrahim, J.

RELEVANT FACTS AND PROCEDURAL POSTURE
This is a non-payment proceeding commenced against the above captioned respondents. The court is not shortening the respondents' names for brevity's sake. The rent demand was served via conspicuous place service and names "A. Brown" and "L. Brown." (see NYSCEF Doc. 1, p. 3). This was repeated for the notice of petition and petition. (see NYSCEF Docs. 1-3). The notice of petition directs A. Brown and L. Brown to go to court and file an answer within ten (10) days of service. (see NYSCEF Doc. 2, par. 3).
No one answered and the petitioner now makes an application for entry of default judgments and issuance of warrants of eviction. Attached to said application is an "affidavit of investigation," commonly referred to as a "non-mil affidavit." This affidavit alleges that the affiant had an in-person conversation with L. Brown who advised that neither themself (L. [*2]Brown) nor A. Brown are in the military or dependent on anyone in the military.[FN1]
(see NYSCEF Doc. 4, p. 3, 5). The affidavit of merit alleges L. Brown and A. Brown had not satisfied the petition. The affiant's personal knowledge is based on his review of the respondents' files, rent records, rental account and balance history. (see NYSCEF Doc. 4, p. 4, 6, par. 1, 3).
Upon review of the papers submitted, petitioner's application seeking entry of a default judgment and warrant of eviction against the named respondents is denied.

 DISCUSSION
In Brusco v Braun, the Court of Appeals held that the Housing Court must enter judgment in petitioner's favor when a tenant defaults in answering, provided there is no question about the sufficiency of a petition and where personal jurisdiction is obtained over the respondent. (see 84 NY2d 674, 681 [1994]). Thus, the court must enter judgment, but only when the court is satisfied that the petition is sufficient.[FN2]
(see Fairfield Presidential Assoc. v Samuel, 4 Misc 3d 1026(A), 2 [Civ Ct, Kings County 2004] (when reviewing an application for a default judgment, the court must ascertain that the petition is proper in form and substance)).
Improper Use of CPRL §1024
CPLR § 1024, in relevant part, reads as follows,
A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known.
In identifying the respondents by partial names, petitioner is utilizing CPLR §1024 for its benefit. It does so improperly. 
It is settled law that a respondent must be properly identified when a petitioner has actual knowledge of their name. (see First Federal Savings and Loan Association of Rochester v Souto, 158 Misc 2d 219, 220 [Civ Ct, New York County 1993] ("If none of the name is known, then a completely fictitious name may be utilized. However, such a designation can only be made if the designating party does not know all or part of the other party's name; otherwise, the party must be identified to the extent that his or her name is known.") [emphasis added], quoting ABKCO Indus. v Lennon, 52 AD2d 435, 441 [1st Dept. 1976]). Consequently, when a petitioner knows a respondent's true name before commencing a case but fails to name them that way, the petition is subject to dismissal. (see George Tut & Co. v Doe, 20 Misc 3d 815, 819 [Civ Ct, Kings County 2008]).
Courts universally hold that a plaintiff or petitioner must show they made diligent efforts to learn a defendant's or respondent's identity prior to bringing suit. (see Strautmanis v GMDC Two Corp., 205 AD3d 495, 496 [1st Dept. 2022]; Bumpus v New York City Tr. Auth., 66 AD3d 26, 29 [2nd Dept. 2009]; Walker v GlaxoSmithKline, LLC, 161 AD3d 1419, 1420 [3rd Dept. [*3]2018]; Luckern v Lyonsdale Energy Ltd. Partnership, 229 AD2d 249 [4th Dept. 1997]).
In other words, a petitioner cannot be willfully or conveniently blind and, for example, name "John Doe," "J. Doe," or "J. Smith" because it is easy to do so; genuine efforts must be made to learn a respondent's name. (see Chavez v Nevell Mgmt. Co., Inc., 69 Misc 2d 718, 720 [Civ Ct, New York County 1972] ("It is clearly implicit in CPLR 1024 that the unusual authority it sanctions should not be availed of in the absence of a genuine effort to learn the true name of the party.") [emphasis added]). That CPLR § 1024 is an "unusual" procedural mechanism is obvious. (see City of New York v Doe, 2023 NY Slip Op 23397, 3 [Civ Ct, Bronx County 2023], citing First Federal Savings and Loan Association of Rochester v Souto, 158 Misc 2d at 221 ("Needless to say, it is more probable that a party served with a predicate notice will receive it if it is addressed to him or her by his or her actual name...")). Consequently, § 1024 should only be utilized as a "last resort." (Nationstar Mortg., LLC v Davis, 57 Misc 3d 1220(A), 2 [City Ct, Mount Vernon 2017]; Wells Fargo Bank, N.A. v Bellamy, 76 Misc 3d 1222(A), 2 [Civ Ct, Queens County 2022]).
Here, petitioner resorted to using a first initial when they either knew the first names of the respondents or had the ability to learn them. Thus, rather than establishing that respondents' true names were partially unknown, despite its best efforts to learn them, the petitioner demonstrates the opposite. (see Capital Resources Corp. v John Doe, 154 Misc 2d 864, 865 [Civ Ct, Kings County 1992] ("To make that showing, counsel should present an affidavit stating that a diligent inquiry has been made to determine the names of such parties.")).
For instance, petitioner pleads a lease with the respondents. (see petition at NYSCEF Doc. 1, par. 2).[FN3]
The court presumes, as petitioner's agent alleges in the affidavit of merit, that the lease was among the documents in respondents' files that were reviewed [in addition to other records]. Even if those documents reveal that the respondents are known the way they are named, it is petitioner's burden to undertake an investigation to learn their proper names. Petitioner cannot, in this instance, even claim they were stymied in their investigation. Perhaps petitioner's agent could have asked respondents what their names were; after all, respondent L. Brown was found at home when petitioner needed non-military affidavits.[FN4]
(see Chavez v Nevell Mgmt. Co., 69 Misc 2d at 720 ("the 'non-military affidavit' purporting to describe a conversation with 'John Doe', should certainly have alerted the Defendant to the possibility of learning the tenant's name, and should have led to an instruction to return to the apartment and ask the occupant for her name."); Pinnacle Bronx East v Bowery Residents Committee Inc., 2006 NY Misc. LEXIS 4025 [Civ Ct, Bronx County 2006] ("Petitioner could have examined its rent records for the apartment, including any leases in its possession. Additionally, the landlord's agents or building employees could have been consulted to determine who was residing in the subject apartment.")).
Based on the above, the court finds the petition is not proper in form and substance. As such, petitioner's application is denied.
Misidentifications and Evictions
When a petition vaguely describes a property, dismissal may be required. (see Sixth St. Community Ctr, Inc. v Episcopal Social Services, 2008 NY Slip Op. 51151(U) [Civ Ct, New York County 2008]; Vornado Two Penn Prop., LLC v XLPC, Corp., 18 Misc 3d 1119(A) [Civ Ct, New York County 2008]). This is because a city marshal, unfamiliar with the premises, must be assured they are executing a warrant of eviction at the right space. (see 272 Sherman, LLC v Vasquez, 4 Misc 3d 370, 372 [Civ Ct, New York County 2004]).
The property/space must be sufficiently described for a marshal to locate it without needing additional information. (see Empire State Building Company, LLC v Progressive Catering Services, Inc., 2 Misc 3d 545, 547 [Civ Ct, New York County 2003], citing RPAPL § 741(3); US Airways, Inc. v Everything Yogurt Brands, Inc., 18 Misc 3d 136(A), *1 [App Term, 2nd & 11th Jud. Dists. 2008] ("Clearly, if the warrant is to be executed properly, the premises must be identified properly, and with certainty, so that the officer executing the warrant will be enabled to locate the premises from such description") [citations omitted, and emphasis added]).
Identifying the correct persons meant to be evicted is just as important, if not more so, as identifying the correct property. (see RPAPL § 749(1) (allowing removal of those persons "named in the proceeding").
Even if the parties' lease refers to the respondents as A. Brown and L. Brown, naming them that way in this summary proceeding is improper. (see Elul Realty Corp. v Java New York Ltd., 12 Misc 3d 336, 338-339 [Civ Ct, Kings County 2006] (property description that matches a lease word for word may not be sufficient if it could lead to a warrant being executed at the wrong space.).
Awarding petitioner a warrant to be executed against A. Brown and L. Brown could have disastrous consequences. In truth, a marshal executing the warrant would have no idea who they are evicting. There is no information provided about age, sex, or any other identifying feature(s). Furthermore, it is not unusual for several adults from the same family to share an apartment; what if Aaron Brown, Anthony Brown, Avery Brown, Allison Brown, and Amanda Brown were all present during the eviction [or reside in the unit but were not present]? Who would the marshal evict? Who should the marshal evict? Who could the marshal evict? Could any eviction under these circumstances be done without the marshal seeking additional information?
While there is an array of defects a court might be able to forgive or overlook, this defect is substantial. It is not a simple misspelling, where a landlord attempts to properly identify the respondent. (see e.g. Fah Wah Mgmt., Inc. v Alvarrez, 18 Misc 3d 132(A) [App Term, 2nd & 11th Jud. Dists. 2008] (extra "r" in respondent's last name)). Furthermore, the court is not in the position to consider prejudice [or lack thereof] under these circumstances when the respondents, as named, have not appeared. (see e.g. Teachers Coll. v Wolterding, 77 Misc 2d 81, 82 [App Term, 1st Dept. 1974] (§ 1024 defect amendable when respondent appears and no substantial prejudice suffered)).
However, many courts hold that permitting substitution, which CPLR § 1024 allows for, is inappropriate when the respondents' names were known or should have been known prior to commencement. (see George Tut & Co. v Doe, 20 Misc 3d at 820) ("If actual prejudice was the only standard, petitioners would be free to ignore the statutory prerequisites and simply name 'John Doe' instead of the actual tenant. If the 'John Doe' respondent failed to appear, a default [*4]would be granted. If respondent did appear, petitioner would be free to simply amend."), citing Capital Resources Corp. v Doe, 154 Misc 2d at 868); Clearview Gardens Fourth Corp. v Mula, 78 Misc 3d 1219(A), 2 [Civ Ct, Queens County 2023] ("[T]he court will not permit substitution, as to do so would render the jurisdictional requirements of CPLR 1024 meaningless."), citing Wilmington Trust, N.A. v Shasho, 197 AD3d 534 [2d Dept 2021]; but see Lenox Road Utica Ave. v Spencer, 184 Misc 2d 628, 629 [App Term, 2nd Dept. 2000]).
In 1992, the Capital Resources court pointed out that more than one third of possessory judgments were granted on default. (Capital Resources Corp. v Doe, 154 Misc 2d at 868). One recent study found that large numbers of judgements in non-payment proceedings are still granted on default.[FN5]
This court cannot "sanction a practice which vitiates the requirements of CPLR Section 1024, would greatly increase the number of default judgments, and would invite the very abuse the statutory requirements were designed to prevent." (id; see also Michaelangelo Preservation, LLC v Burgos, 75 Misc 3d 1209(A), 1-2 [Civ Ct, Bronx County 2022]).
Petitioner here, for example, routinely resorts to naming respondents using only a first initial. At least (18) such cases from 2014 to present were commenced against other tenants in the building, including this one. The other index numbers are as follows: 47007/14, 53290/14, 75683/14, 13869/15, 15186/15, 68595/16, 72759/16, 27324/17, 32179/17, 24514/18, 62191/18, 309900/21, 300932/22, 302293/22, 337372/22, 351123/23, 303888/24. Incredibly, the respondents in index no. 30388/24 are named as M. Carr and K. Avila, after previously being named as Michael Carr and Karen Avila under index no. 329918/22.

 CONCLUSION
Based on the foregoing, petitioner's application is denied. This constitutes the decision and order of the court. It will be posted on NYSCEF.
Dated: February 14, 2024
Bronx, New York
SO ORDERED, 
HON. SHORAB IBRAHIM 
Judge, Housing Part

Footnotes

Footnote 1:The affiant does not state how they know the person being spoken to is the L. Brown named in this case. Although the affiant refers to L. Brown as "tenant" (in a "form" affidavit), L Brown did not identify themself as the tenant.

Footnote 2:Where petitions are attorney verified, an affidavit of merit, attesting to the accuracy of the petition, must be submitted. (see Sella Properties v DeLeon, 25 Misc 3d 85, 85 [App Term, 2nd Dept. 2nd, 11th and 13th Jud. Dists. 2009); Non-military affidavits attesting that the respondents are not in the military or dependent on persons serving in the military must also be submitted. (see Parkash v Almonte, 41 Misc 3d 267, 269 [Civ Ct, Bronx County 2013]).

Footnote 3:Indeed, non-payment cases may only be commenced against persons with whom petitioner has a rental agreement in effect at the time the case is commenced. (see Fairfield Beach 9th, LLC v Shepard-Neely, 77 Misc 3d 136(A), 3 [App Term, 2nd Dept. 2022]). The court could have the lease if a pending bill in the New York State Legislature passes (2023 NY Senate Bill S06494A, 2023 NY Assembly Bill A02883) [requiring a landlord to attach a copy of lease to the petition]).

Footnote 4:see NYSCEF Doc. 4, p. 3, 5.

Footnote 5: 
https://furmancenter.org/files/publications/Half_the_Battle_is_Just_Showing_Up_V3_(1).pdf. Last accessed February 8, 2024.