■ CONSTITUTION REALTY, LLC, Appellant, v DAVID E. OLTARSH et al., Respondents. [766 NYS2d 425] —Order, Supreme

Court, New York County (Joan Madden, J.), entered April 15, 2003, which, in this action pursuant to Debtor and Creditor Law § 273-a, denied plaintiff's motion for partial summary judgment, unanimously modified, on the law, to grant the motion as to the issues of the existence of goodwill and the fraudulent conveyance of goodwill from defendant Oltarsh & Oltarsh to defendant Oltarsh & Associates, P.C. and to remand the matter to Supreme Court for a determination of the value of the judgment debtor's goodwill, and otherwise affirmed, without costs.

Plaintiff obtained a judgment against defendant Oltarsh & Oltarsh (the firm) for unpaid rent in the amount of $108,000, which the firm has failed to satisfy (Debtor and Creditor Law § 273-a). In March 2001, the firm, whose lawyers were defendants David, William and Jennifer Oltarsh, ceased doing business and referred its clients to Oltarsh & Associates, a professional corporation comprised of the same three individuals and contemporaneously incorporated. Defendants' own affidavits establish that William and David Oltarsh had developed professional reputations during more than 40 years of practice and that many of their clients followed them to Oltarsh & Associates.

Plaintiff has established that the firm had goodwill (*see Dawson v White & Case*, 88 NY2d 666, 670 [1996]) and that its goodwill was transferred to the professional corporation without consideration (*see Blakeslee v Rabinor*, 182 AD2d 390 [1992], *lv denied* 82 NY2d 655 [1993]). Defendants' bald conclusory assertion that the firm had no assets to convey in March 2001 is insufficient to defeat plaintiff's motion (*Poluliah v Fidelity High Income Fund*, 102 AD2d 720, 722 [1984]), and is contradicted by the firm's tax return (*see Leo v Mt. St. Michael Academy*, 272 AD2d 145, 146 [2000]). While plaintiff has established that the conveyance of goodwill was fraudulent within the meaning of Debtor and Creditor Law § 273-a, a hearing is necessary to determine its value (CPLR 3212 [c]).

The setting aside of the conveyance and the remedy of attachment are unavailing (Debtor and Creditor Law § 278 [1] [a], [b]). As we have stated, "A court of equity * * * may award a personal judgment against a party in lieu of setting aside a transfer" (*Halsey v Winant*, 233 App Div 103, 114-115 [1931], *revd on other grounds* 258 NY 512 [1932], *cert denied* 287 US 620 [1932]; *see also* Debtor and Creditor Law § 280; *Baily v Hornthal*, 154 NY 648, 660-661 [1898] ["a court of equity may adapt its relief to the exigencies of the case, and, when nothing more is required, may order a sum of money to be paid to the

plaintiff, or give him a personal judgment therefor, to be enforced by execution"]; *Rich v New York White Line Tours*, 266 App Div 752 [1943]). Liability is imposed on "parties who participate in the fraudulent transfer of a debtor's property and are transferees of the assets and beneficiaries of the conveyance" (*Stochastic Decisions, Inc. v DiDomenico*, 995 F2d 1158, 1172 [1993], citing *Federal Deposit Ins. Corp. v Porco*, 75 NY2d 840, 842 [1990]), in this instance David and William Oltarsh and Oltarsh & Associates, against which parties plaintiff sought partial summary judgment. With respect to the transfer of personal property, however, there are numerous questions of fact that preclude summary disposition. Finally, we agree that the record as developed thus far is insufficient to warrant piercing the corporate veil (*see Rotella v Derner*, 283 AD2d 1026 [2001], *lv denied* 96 NY2d 720 [2001]; *First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 294 [1999]). Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.