Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 14, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiffs’ motion for leave to amend their amended complaint and, sub silentio, denied their motion to strike defendants’ answer or compel discovery, unanimously modified, on the facts and in the exercise of discretion, to deem the revised second amended verified complaint (except for the ninth cause of action) to be the operative complaint, and otherwise affirmed, without costs.
The IAS court providently exercised its discretion (see Heller v Louis Provenzano, Inc., 303 AD2d 20, 22 [1st Dept 2003]) by refusing to allow plaintiffs to add the ninth cause of action. It is true that “leave to amend a pleading should be freely granted, so long as there is no surprise or prejudice to the opposing party” (Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [1st Dept 2011]). However, “it is equally true that the court should examine the sufficiency of the merits of the proposed amendment” (Heller, 303 AD2d at 25 [internal quotation marks omitted]). “Therefore, a motion for leave to amend a pleading must be supported by an affidavit of merits and evidentiary proof that could be considered upon a motion for summary judgment” (Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 116 [1st Dept 1998] [internal quotation marks omitted]). Contrary to plaintiffs’ contention, the court was not required to accept their allegations as true on a motion to amend (see id. at 117).
While “[t]he recitation of receipt of consideration is a mere admission of a fact which, like all such admissions, may be explained or disputed by parol evidence” (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 258 [1970] [internal quotation marks omitted]), “[i]t was essential for the [plaintiffs], in claiming absence of consideration, to state their *650 version of the facts in evidentiary form” (id. at 259). Neither Mr. Bag Bag, Emily Sara L. nor Jackie L. (Emily’s mother and Mr. Bag Bag’s ex-wife) submitted an affidavit controverting the agreement’s recital of valuable consideration, receipt of which was acknowledged by all parties.
However, since the proposed second amended complaint (SAC) contains relevant corrections — for example, it corrects the spelling of Emily’s last name, and it drops a claim against MEP Auto, Inc. which Mr. Bag Bag no longer wishes to pursue — the rest of the SAC (i.e., except for the ninth cause of action) we deem it the operative complaint.
Contrary to plaintiffs’ contention, defendants did explain why they had not responded to plaintiffs’ discovery requests— their counsel submitted an affirmation, saying they were waiting to hear back from plaintiffs about discontinuance of this action after defendants told them about the transfer agreements.
We have considered plaintiffs’ remaining arguments and find them unavailing.
Concur — Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.