■ BRUCE SCHWARTZ, Respondent, v BOOM BATTA, INC., et al., Defendants, and ROBERT WATMAN et al., Appellants. [27 NYS3d 519]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 28, 2014, which, insofar as appealed from as limited by the briefs, granted plaintiff Bruce Schwartz's motion for summary judgment as against defendant Robert Watman on the first cause of action pursuant to Debtor and Creditor Law § 273-a, awarded Watman the amount of $2,020,964.29, unanimously modified, on the law, the award vacated, and the matter remanded for a trial on valuation of the fraudulently conveyed assets, and otherwise affirmed, without costs. Order, same court (Jeffrey K. Oing, J.), entered April 3, 2014, which granted plaintiff's motion to confirm a referee's report recommending, insofar as appealed from as limited by the briefs, that a hearing was necessary to determine the value of the property fraudulently conveyed and that defendants Watman and Tim Ouellette should be precluded from offering certain evidence at trial, unanimously affirmed, on the law, without costs. Appeal from orders, same court (Jeffrey K. Oing, J.), entered on or about November 6, 2013 and November 22, 2013, which, insofar as appealed from as limited by the briefs, preliminarily enjoined the transfer or encumbrance of funds in the amount of $1,941,303.35 from certain of Watman's accounts and of Watman's membership interest in TCC 39th LLC, unanimously dismissed, without costs, as abandoned and superseded.

Contrary to defendants' contention that an action to recover pursuant to Debtor and Creditor Law § 273-a may only be

brought against the judgment debtor, both a transferee of a debtor's assets and beneficiary of the conveyance who participated in the fraudulent transfer may be found liable under Debtor and Creditor Law § 273-a (*Constitution Realty v Oltarsh*, 309 AD2d 714, 716 [1st Dept 2003]; *Gruenebaum v Lissauer*, 185 Misc 718, 727-728 [Sup Ct, NY County 1945], *affd* 270 App Div 836 [1st Dept 1946]; *Farm Stores v School Feeding Corp.*, 102 AD2d 249, 255 [2d Dept 1984], *affd in part and appeal dismissed in part* 64 NY2d 1065 [1985]; *Stochastic Decisions, Inc. v DiDomenico*, 995 F2d 1158, 1172 [2d Cir 1993], *cert denied* 510 US 945 [1993]). Because defendants acknowledge for purposes of this appeal that the conveyance of the trademarks at issue here from defendant Boom Batta, Inc. to defendant Do the Hustle, LLC was constructively fraudulent, plaintiff is entitled to partial summary judgment on liability against defendant Watman on his cause of action pursuant to Debtor and Creditor Law § 273-a.

While "[a]s a general rule, the creditor's remedy in a fraudulent conveyance action is 'limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance' " (*Manufacturers & Traders Trust Co. v Lauer's Furniture Acquisition*, 226 AD2d 1056, 1057 [4th Dept 1996], *lv dismissed* 88 NY2d 962 [1996]), a court of equity may award a personal judgment against a party in lieu of setting aside a transfer (*Constitution Realty*, 309 AD2d at 715). Setting aside the fraudulent conveyance of the trademarks here is not an adequate remedy, where the transferee and subsequent licensees exploited the use of the fraudulently conveyed property in an effort to reap profits and return of the trademarks would not avail plaintiff.

However, plaintiff fails to point to anything in the record to establish the value of the trademarks. Although he points to moneys defendant Watman received from the licensees, which operated bars and nightclubs, such evidence tends to show, at most, that Watman received such money from the operation of the clubs in which he was an investor. Plaintiff points to nothing in the record tending to establish how much of the money from the operations of the clubs that Watman received derived from the trademarks. Accordingly, a trial on damages is necessary to determine the value of the trademarks that were fraudulently conveyed, including the value derived from their subsequent licensing and exploitation.

In view of the dilatory tactics and recalcitrant behavior engaged in by defendants throughout this litigation, we find that Supreme Court did not abuse its discretion in confirming

so much of the referee's report as recommended precluding defendants from proffering any documentary evidence or non-expert witnesses at trial. Nor did Supreme Court abuse its discretion in denying Watman's cross motion to amend his answer. He acknowledges that the only affirmative defenses sought to be added are merely "application[s] of the law" (*see generally Bag Bag v Alcobi*, 129 AD3d 649 [1st Dept 2015]). Concur—Renwick, J.P., Andrias, Saxe and Richter, JJ.