Horn v Nestor (2019 NY Slip Op 04300)





Horn v Nestor


2019 NY Slip Op 04300


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


810002/13 9509NB 9509NA 9509N 9509NC

[*1] Steven C. Horn, Plaintiff-Respondent,
v
Marianne Nestor, Defendant-Appellant, New York City Parking Violations Bureau, et al., Defendants.


Reppert Kelly & Vytell, LLC, New York (Christopher P. Kelly of counsel), for appellant.
Pryor Cashman LLP, New York (Michael H. Levison of counsel), for respondent.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered on or about January 23, 2018, which, insofar as appealed from as limited by the briefs, denied defendant Marianne Nestor's motion to amend the answer (motion sequence no. 2), unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 26, 2018, which, insofar as appealed from as limited by the briefs, denied defendant's motion to compel the disclosure of documents (motion sequence no. 4), unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 23, 2018, which, insofar as appealed from, denied defendant's motion to strike certain requests to admit (motion sequence no. 8), unanimously affirmed, without costs. Order, entered on or about January 26, 2018, which, insofar as appealed from as limited by the briefs, denied defendant's motion to amend the answer (motion sequence no. 9), unanimously affirmed, without costs.
Supreme Court did not abuse its discretion by denying leave to amend the answer, as the proposed affirmative defenses and counterclaims lacked merit based on the evidence adduced during discovery (see Bag Bag v Alcobi, 129 AD3d 649, 649 [1st Dept 2015]). Granting defendant's second motion to amend would also prejudice plaintiff, as the original answer submitted over four years beforehand did not challenge the contractual condition precedent to suit "specifically and with particularity" as required to "resist[] enforcement of the contract" (1199 Hous. Corp. v International Fid. Ins. Co., 14 AD3d 383, 384 [1st Dept 2005]).
As to the document requests concerning defendant's existing counterclaims and affirmative defense under the Truth in Lending Act and the Banking Law, the disclosure of responsive documents would not uncover "facts bearing on the controversy which will assist in the preparation for trial" because defendant cannot establish her claims and defenses even with such disclosure (Anonymous v High School for Envtl. Studies, 32 AD3d 353, 358 [1st Dept 2006], citing CPLR 3101[a]; accord Forman v Henkin, 30 NY3d 656, 664 [2018]).
Supreme Court properly denied defendant's motion to strike the requests for admission. [*2]Based on the evidence, plaintiff "reasonably believe[d] there c[ould] be no substantial dispute" as to the matters at issue therein (CPLR 3123[a]). In any event, Supreme Court granted defendant's request to amend her answers thereto.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK