Sands Bros. Venture Capital II LLC v Park Ave. Bank (2021 NY Slip Op 00512)





Sands Bros. Venture Capital II LLC v Park Ave. Bank


2021 NY Slip Op 00512


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 652969/14 Appeal No. 13000 Case No. 2020-02938 

[*1]Sands Brothers Venture Capital II LLC et al., Plaintiffs-Respondents,
v
Park Avenue Bank, et al., Defendants, GEE Group, Inc. Formerly Known as General Employment Enterprises, Inc., Defendant-Appellant.


Smith, Gambrell & Russell, LLP, New York (John G. McCarthy of counsel), for appellant.
Wallace Neel PLLC, Pearl River (Wallace Neel of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 1, 2020, which granted defendant GEE Group, Inc.'s motion for summary judgment solely to the extent of dismissing all claims asserted by plaintiffs Genesis Merchant Partners LP and Sands Brothers Venture Capital II, LLC as time-barred, and otherwise denied the motion, unanimously affirmed, with costs.
Contrary to GEE's arguments, plaintiffs have standing to sue for fraudulent conveyance (see Schwartz v Boom Batta, Inc., 137 AD3d 512, 512-513 [1st Dept 2016]). Moreover, the motion court properly concluded that plaintiffs raised triable issues of fact with respect to the 2010 transactions and the $2.3 million conveyance, pursuant to Debtor and Creditor Law §§ 273 and 276.
Furthermore, GEE's argument that plaintiffs had to obtain a judgment against O2HR and Bean before pursuing an action against them was raised for the first time in GEE's brief and not preserved for appellate review (see Gjuraj v Uplift El. Corp., 110 AD3d 540, 541 [1st Dept 2013]). On the merits, the parties do not dispute that O2HR is now defunct. Moreover, the gravamen of the complaint is that O2HR was stripped of its receivables and assets by defendants. Under the circumstances of the case, it would be futile for plaintiffs to obtain a judgment and have the execution return unsatisfied before instituting an action directly against GEE (see Matter of Rodgers v Logan, 121 AD2d 250 [1st Dept 1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021