Etage Real Estate LLC v Stern (2022 NY Slip Op 07499)

Etage Real Estate LLC v Stern

2022 NY Slip Op 07499

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 656322/19 Appeal No. 16992 Case No. 2021-03927 

[*1]Etage Real Estate LLC, et al., Plaintiffs-Respondents,
v
Michael Stern, et al., Defendants-Appellants.

Oved & Oved LLP, New York (Aaron J. Solomon of counsel), for appellants.
DL Partners, New York (Bruce H. Lederman of counsel), for respondents

Order, Supreme Court, New York County (Arthur Engoron, J.), entered on or about September 23, 2021, which, to the extent appealed from, granted plaintiffs' cross motion for summary judgment on its claim to pierce the corporate veil, unanimously reversed, on the law without costs, and the cross motion denied.
Plaintiffs commenced this action against defendants seeking to collect on a default judgment plaintiffs obtained against non-party DJJMS. Defendants each hold a 50% interest in DJJMS, and DJJMS held an interest in nonparty 105 West 57th Street Holdings, LLC (Holdings), the owner of property located at 105-107 West 57th Street. The court below granted plaintiffs summary judgment on their cause of action to hold defendants liable for the judgment against DJJMS on a veil-piercing theory.
Initially, we note that a claim for veil piercing is not a standalone cause of action. In any event, piercing the corporate veil is a fact-laden claim not well suited for summary judgment resolution (Emposimato v CIFC Acquisition Corp., 89 AD3d 418, 420 [1st Dept 2011]; First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 294 [1st Dept 1999]), and summary judgment should not have been granted on plaintiffs' veil-piercing claim here.
The elements of veil piercing are that (1) the owners exercised complete domination and control of the corporation with respect to the transaction attacked; and (2) such domination was used to commit a fraud or wrong against the plaintiff, resulting in the plaintiff's injury (Kahan Jewelry Corp. v Coin Dealer of 47th St. Inc., 173 AD3d 568, 568 [1st Dept 2019]; Ciavarela v Zagaglia, 132 AD3d 608 [1st Dept 2015]). Plaintiffs who seek to pierce the corporate veil bear a heavy burden (Kahan Jewelry, 173 AD3d at 568-569).
"[C]omplete domination of the corporation is the key to piercing the corporate veil" (Matter of Morris v New York State Dept of Taxation & Fin., 82 NY2d 135, 141 [1993]), but the motion court did not cite sufficient, undisputed facts to show that defendants exercised complete domination of DJJMS. It noted that veil piercing occurs "when the principals are using the corporation 'as their personal piggy-bank'" but cited no facts to support its apparent determination that defendants so used DJJMS (cf. Austin Powder Co. v McCullough, 216 AD2d 825 [3d Dept 1995]). The motion court did not adequately detail relevant, undisputed facts to show that defendants have "abused the privilege of doing business in the corporate form," including facts showing that, as a matter of law "there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use" (D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 452 [1st Dept 2013] [internal quotation marks omitted]). The motion court briefly discussed inadequate capitalization, concluding that, by virtue the transfer of the property at issue from nonparty Holdings to nonparty 111 West 57th FE LLC (FE) DJJMS became judgment proof. The motion court apparently presumed that the transfer at issue, where an LLC in which DJJMS held an interest, not DJJMS itself, was transferor, caused DJJMS to be judgment proof, but the court does not cite any undisputed fact, other than the fact of the transfer itself, to support its conclusion.
The motion court also presumed defendants' dominion and control over DJJMS, for instance, stating it was "defendants" who committed the "egregious act" of the transfer at issue, but it did not explain the bases for its presumption. It attributed certain conduct to defendant Stern, but neither accounted for the involvement of nonparty Kevin Maloney, who, as the transfer documents reflect, was also an authorized signatory for Holdings and FE, nor adequately addressed defendant Juracich's involvement in the transfer.
Holdings' transfer of the property at issue is tantamount to a transfer by DJJMS of its interest in Holdings, such transfer would constitute a breach of the consulting agreements, but "a simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil" (Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC (146 AD3d 1, 12 [1st Dept 2016], affd 31 NY3d 1002
[2018], quoting Bonacasa Realty Co, LLC v Salvatore, 109 AD3d 946, 947 [2d Dept 2013]).
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022