Matter of Small v Estate of Landesman (2023 NY Slip Op 02628)

Matter of Small v Estate of Landesman

2023 NY Slip Op 02628

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Kern, J.P., Friedman, Gesmer, Moulton, Rodriguez, JJ. 

Index No. 158492/21 Appeal No. 246 Case No. 2022-04967 

[*1]In the Matter of Daniel Small, Petitioner-Appellant,
v
The Estate of Uri Landesman, Respondent-Respondent.

Daniel Small, New York, appellant pro se.
Duane Morris LLP, New York (Melissa S. Geller of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered May 26, 2022, which denied petitioner's application to pierce the corporate veil and hold respondent liable for a judgment against Platinum Management (NY) LLC (PMNY), and dismissed the petition brought pursuant to CPLR 5225(b) and 5227, unanimously affirmed, without costs.
Petitioner seeks to recover from the Estate of Uri Landesman a judgment entered against PMNY following confirmation of an arbitration award in favor of petitioner, finding he was owed bonus compensation for three years in which he acted as a portfolio manager responsible for a related investment fund, Platinum Partners Value Arbitrage Fund LP (PPVA). Shortly after issuance of the arbitration award, petitioner, Landesman (decedent), and other principals of PMNY and/or PPVA, including founder Mark Nordlicht, were charged by the Securities and Exchange Commission with participating in a massive fraudulent scheme and each was indicted on federal criminal charges of securities and wire fraud (see United States v Landesman, 17 F4th 298 [2d Cir 2021], cert denied sub nom. Nordlicht v United States, — US —, 143 S Ct 86 [2022] ). Decedent died before the criminal trial, and the criminal case against petitioner is continuing.
The court properly found that, whether New York or Delaware law is applied, petitioner failed to present sufficient facts to raise a triable issue that warrants invoking the equitable doctrine of piercing the corporate veil to allow petitioner to recover his judgment against PMNY from respondent estate (see Matter of Gonzalez v City of New York, 127 AD3d 632, 633 [1st Dept 2015]). As the court noted, the evidence submitted by petitioner indicates that decedent by himself did not dominate and control PMNY in that, at a minimum, he consulted with others, including Nordlicht, on financial and employee matters, notwithstanding the provisions of PMNY's operating agreement. Notably, decedent owned only 25% of PMNY, while Nordlicht and his grantor trust owned the other 75% and had the power to remove decedent at any time. Petitioner also provided scant evidence of disregard of the corporate form, overlapping officers, managers and employees with PPVA, or common offices and telephone numbers. Insufficient evidence was also presented to raise a triable issue of fact as to whether either was a sham entity (see Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013]; Manichaean Capital, LLC v Exela Techs, Inc., 251 A3d 694, 706-707 [Del Ch 2021]), or whether the challenged transfers from PMNY or PPVA to decedent, Nordlicht and others were part of a fraud directed at petitioner (see Etage Real Estate LLC v Stern, 211 AD3d 632, 634 [1st Dept 2022]).
We note that respondent's invocation of the doctrines of in pari delicto and unclean hands, which are implicated by the broader fraud charges surrounding the Platinum entities, is not persuasive, as the criminal charges against petitioner have [*2]not been finally resolved.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023