| **Etage Real Estate LLC v Stern** |
|:---:|
| 2024 NY Slip Op 31864(U) |
| May 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656322/2019 |
| Judge: Arthur F. Engoron |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARTHUR F. ENGORON**          PART          37

*Justice*

-------------------------------------------------------------------X

ETAGE REAL ESTATE LLC, DAVLA CONSULTING, INC.,

Plaintiffs,

- v -

MICHAEL STERN, DAVID JURACICH,

Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656322/2019 |
| MOTION DATE | 08/21/2023 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 160, 161, 162, 163, 164, 165, 166, 167

were read on this motion to          AMEND PLEADINGS          .

Upon the forgoing documents, after oral argument on April 8, 2024, and for the reasons stated hereinbelow, plaintiffs' motion, pursuant to CPLR 3025, to amend the complaint and to grant the so-ordering of certain subpoenas ad testificandum and duces tecums is granted.

Background

On May 17, 2017, plaintiffs, Etage Real Estate LLC ("Etage") and Davla Consulting, Inc. ("Davla"), sued non-party DJJMS in Supreme Court, New York County, Index No. 652659/2017. NYSCEF Doc. No. 91. On July 25, 2019, after multiple defaults in that action by DJJMS, the Clerk entered $746,588.84 in judgments against DJJMS: $144,795.62 in favor of Etage, $579,182.47 in favor of Davla, and $22,580.75 in legal fees, jointly and severally (the "Underlying Judgment"). NYSCEF Doc. No. 90.

On October 18, 2019, plaintiffs commenced the instant action against defendants, Michael Stern and David Juracich, asserting two causes of action essentially seeking to hold defendants liable for the Underlying Judgment by piercing DJJMS's corporate veil. NYSCEF Doc. No. 1.

The facts at the heart of all this are: defendants each have a 50% interest in DJJMS; DJJMS has an interest in nonparty 105 West 57th Street Holdings, LLC ("Holdings"); and Holdings, of which defendant Stern was a managing member, *had* an interest, allegedly worth $18,000,000, in certain property located at 105–107 West 57th Street, but transferred that interest, for zero consideration, to nonparty 111 West 57th FE LLC.

In a Decision and Order dated September 22, 2021 (the "Prior Decision"), this Court: quashed a subpoena issued by plaintiff as "extremely overbroad," granted plaintiff's cross-motion for summary judgment and, accordingly, denied a request to unseal parts of the record as moot. NYSCEF Doc. No. 114.

656322/2019  ETAGE REAL ESTATE LLC vs. STERN, MICHAEL
Motion No.  005

Page 1 of 4

On December 29, 2022, the Appellate Division, First Department, reversed the Prior Decision, noting "that a claim for veil piercing is not a standalone cause of action" and, "[i]n any event, piercing the corporate veil is a fact-laden claim not well suited for summary judgment resolution." Etage Real Estate LLC v Stern, 211 AD3d 632, 632 (1st Dept 2022). Further, the First Department did not find "sufficient, undisputed facts to show that defendants exercised complete domination of DJJMS," or that, "as a matter of law there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use," to warrant veil piercing. Id. at 633 (internal quotations and citations omitted).

The First Department also held, inter alia, that as "Holdings' transfer of the property at issue is tantamount to a transfer by DJJMS of its interest in Holdings, such transfer would constitute a breach of the consulting agreements, but 'a simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil.'" Etage at 634 (internal citation omitted).

Plaintiffs now move, pursuant to CPLR 3025(b) and (c), to amend their complaint, and for the Court to so-order two modified versions of the subpoenas quashed by the Prior Decision. NYSCEF Doc. No. 140.

Plaintiffs' proposed amended complaint includes three causes of action to hold defendants liable for the debts of DJJMS and to pierce the corporate veil: (1) "on the ground of fraud, material misstatements of fact, improper submission of false and inflated financial statements to obtain loans and a fraudulent scheme to delay plaintiff from exercising its rights and obtain judgment against DJJMS"; (2) pursuant to Debtor and Creditor Law § 276-a; and (3) on the ground that defendants lured plaintiffs into the underlying transaction through the production of false financial statements, thus violating New York Penal Law § 175.45. NYSCEF Doc. No. 143.

In support, plaintiffs argue that leave to amend should be freely given, especially as the proposed amended complaint is specifically crafted to conform to the First Department's decision and the documentary evidence produced to date, and so should not prejudice or surprise defendants. Plaintiffs also argue that their new proposed subpoenas are curtailed in scope from the ones this Court previously found extremely overbroad and should help adduce facts necessary to show defendants dominate and control DJJMS sufficient to pierce the corporate veil.

In opposition, defendants argue that the motion should be denied because, inter alia, the proposed amended complaint: would not survive a motion to dismiss; still has a cause of action to pierce the corporate veil, which the First Department has noted is not a standalone cause of action; fails to address the First Department's point that, while non-party Holdings' transfer of property would constitute a breach of the consulting agreements, a "simple breach," without more, does not warrant piercing a corporate veil; has a second cause of action that does not assert a claim against the alleged transferor in the in the underlying real estate deal; cited a New York Penal Law provision that does not provide plaintiffs a private right of action and, further, any such action would be untimely. Defendants also argue against so-ordering the instant subpoenas

**656322/2019 ETAGE REAL ESTATE LLC vs. STERN, MICHAEL**
**Motion No. 005**

because they are overbroad and because plaintiffs failed to file a 22 NYCRR 202.7 affirmation of good faith.

In reply, plaintiffs cite Matter of Morris v New York State Dept. of Taxation and Fin., 82 NY2d 135, 140 (1993) (internal citations and quotations omitted), for the general rule that "[b]roadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity," and argue that, here, the Court should allow plaintiff to amend the complaint in the interest of equity.

Plaintiffs further argue, inter alia, that: they are not asserting piercing the corporate veil as a separate, standalone cause of action but, instead, as a means to enforce the Underlying Judgment or as a means to enforce any judgment obtained under the new causes of action; the First Department reversed the Prior Decision, a motion for summary judgment, simply to allow more facts to be ascertained; and that the proposed second and third causes of action incorporate Debtor and Creditor and Penal Law claims as reasons for piercing the corporate veil and are therefore timely, pursuant to Solow v Dom. Stone Erectors, Inc., 229 AD2d 312, 313 (1st Dept 1996) ("As the action is one to enforce a judgment against defendants who, if plaintiff prevails on the piercing question, will be treated as a single personality, it is governed by the 20-year Statute of Limitations of CPLR 211(b) with respect to all defendants and is therefore timely.").

Discussion
CPLR 3025(b) provides, in relevant part, that "[a] party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances."

Generally, leave to amend should be "granted in the absence of evidence of substantial prejudice or surprise or that the proposed amendments were palpably insufficient or patently devoid of merit." JPMorgan Chase Bank, N.A. v Low Cost Bearings N.Y. Inc., 107 AD3d 643, 644 (1st Dept 2013) (internal citations and quotations omitted). However, a "proposed amendment that cannot survive a motion to dismiss should not be permitted." Scott v Bell Atl. Corp., 282 AD2d 180, 185 (1st Dept 2001), aff'd as mod sub nom. Goshen v Mut. Life Ins. Co. of New York, 98 NY2d 314 (2002).

In deciding a motion to dismiss, the Court will "liberally construe the complaint, and accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion. We also accord plaintiffs the benefit of every possible favorable inference." 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-52 (2002).

Here, as the proposed amended complaint would neither prejudice nor surprise defendants and, liberally construed, is neither devoid of merit nor futile, the Court will grant plaintiffs leave to amend. The amended complaint seeks to pierce the corporate veil not as a standalone cause of action but as a means to enforce the other causes of action and the Underlying Judgment.

Further, the Court will so-order and annex to this Decision and Order plaintiff's proposed subpoenas, amended so that the sixth item of the demand on Aaron Cywiak is for "Copies of all

656322/2019 ETAGE REAL ESTATE LLC vs. STERN, MICHAEL
Motion No. 005

Page 3 of 4

financial statements for Michael Stern..." instead of "Copies of all financial statements and related Documents for Michael Stern..."

Conclusion

Plaintiffs' motion for leave to amend their complaint is hereby granted, the proposed supplemental summons and amended complaint, annexed as Exhibit A-3 to the moving papers (NYSCEF Doc. No. 144), are hereby deemed served and filed.

MAY **15** 2024        HON. ARTHUR F. ENGORON

_____5/15/2024_____
DATE

_____
ARTHUR F. ENGORON, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

656322/2019   ETAGE REAL ESTATE LLC vs. STERN, MICHAEL
Motion No.  005

Page 4 of 4