Paley v Curious Holdings, LLC (2024 NY Slip Op 06544)

Paley v Curious Holdings, LLC

2024 NY Slip Op 06544

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 162520/15 Appeal No. 3316-3317 Case No. 2023-03605, 2024-00191 

[*1]Jonathan Paley etc., Respondent,
v
Curious Holdings, LLC, Defendant, Milk Barn Inc et al., Appellants.

Schwartz & Ponterio, PLLC, New York (John Ponterio of counsel) and Ryan W. Powers (of the bar of the State of California, admitted pro hac vice, of counsel), for appellants.
Beys Liston & Mobargha LLP, New York (Nader Mobargha of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered December 15, 2023, awarding a money judgment in plaintiff's favor and against defendants, jointly and severally, and bringing up for review an order, same court and Justice, entered June 7, 2023, which granted plaintiff's motion for summary judgment against defendants and denied defendants' motion for summary judgment, unanimously modified, on the law, to remand for a determination of damages under former Debtor and Creditor Law §§ 276, 273, 273-a and 274 as to defendants Microseries, Inc. and Milk Barn Inc. and to hold that defendant Marina Grasic is liable as the alter ego of Milk Barn for any violations of the Debtor and Creditor Law, vacate the judgment against defendant Jan Korbelin that was based on the Debtor and Creditor Law claims, vacate the judgment against Korbelin that was based on the claims for fraud and usurpation of corporate opportunity and remand for further proceedings on those claims, grant defendants' motion for summary judgment dismissing the conversion claim as against all defendants and the usurpation of corporate opportunity and fraud claims as against Grasic, Microseries, and Milk Barn, and otherwise affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant Korbelin, as CEO of nominal defendant Curious Holdings, LLC, caused all of its assets, including allegedly valuable contracts, to be transferred to two companies owned by his wife. These transfers were made in haste, with limited disclosure and, arguably, for inadequate consideration. The purpose of the transfer was to avoid paying plaintiff, who was then in litigation with Curious and Korbelin over the failure to issue and buy out an 11% equity stake in Curious. These facts show sufficient badges of fraud such that plaintiff established the necessary intent to hinder and delay (see Matter of Steinberg v Levine, 6 AD3d 620, 621 [2d Dept 2004]).
However, because the value of the conveyed contracts is disputed, further proceedings are required to determine the amount of damages to which plaintiff is entitled (see Schwartz v Boom Batta, Inc., 137 AD3d 512, 513 [1st Dept 2016]). Contrary to defendants' assertion, the contracts at issue are property subject to the Debtor and Creditor Law (see generally In re R.M.L., 92 F3d 139, 151 [3d Cir 1996]). Because the transaction was made in bad faith, Microseries and Milk Barn are also liable under former Debtor and Creditor Law §§ 273, 273-a and 274 (see former Debtor and Creditor Law § 272[a]).
The fraudulent conveyance claims against Korbelin and Grasic were dismissed on a prior motion. Therefore, they can only be liable to the extent they are alter egos of one of the corporate recipients of the assets. Korbelin is not an owner of any of the entities. There was no factual basis to show that he was in control, let alone dominated, the entities. Therefore, the [*2]Debtor and Creditor claims against Korbelin must be dismissed.
Grasic formed Milk Barn with no capital, no employees, and no business. Its only substantive purpose was to receive the fraudulently conveyed assets of Curious, including its contracts, employees, and management. As such, she is liable for the acts of Milk Barn, including under the Debtor and Creditor Law (see Etage Real Estate LLC v Stern, 211 AD3d 632, 633 [1st Dept 2022]).
While Grasic is the owner of Microseries, that company existed for years before the transfer, and did substantial independent business with its own employees and clients. Thus, there is no showing of the badges of fraud sufficient to find Grasic an alter ego of Microseries.
The fraud claim was asserted only as to defendant Korbelin, and thus it should have been dismissed as to the other defendants. Korbelin, as a fiduciary, had a duty to disclose material facts to the members of Curious, including plaintiff (see Cygnus Opportunity Fund, LLC v Washington Prime Group, LLC, 302 A3d 430, 450 [Del Ch 2023]). He failed to disclose material facts about the transfer and the status of Curious.
However, plaintiff failed to demonstrate conclusively what steps he could have taken to prevent any loss, had he known the full facts, and did not show the amount of loss he could have avoided. Accordingly, this claim as asserted against Korbelin is remanded (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).
The conversion claim should have been dismissed. Plaintiff asserted the claim individually. However, as a mere member of the LLC, he has no ownership right in its property (see Bank of Am. Corp. v Lemgruber, 385 F Supp 2d 200, 223 [SD NY 2005]). Nor are the contingent contracts at issue the type of property subject to conversion (see In re Tashlitsky, 492 BR 640, 649-650 [Bankr ED NY 2013], citing Thyroff v Nationwide Mut. Ins. Co., 8 NY3d 283 [2007]).
Because only fiduciaries are subject to claims for usurpation of corporate opportunity, the claims should have been dismissed as to all defendants except Korbelin, the only defendant who was employed by Curious at the time of the transfer (see Alexander & Alexander o N.Y. v Fritzen, 147 AD2d 241, 246 [1st Dept 1989]). However, factual issues exist as to whether Curious could have performed and therefore profited under the transferred contracts, and, if so, the value of the opportunity.
The court did not err in granting plaintiff's motion despite the failure to comply with Uniform Rules for the Trial Courts (22 NYCRR) § 202.8-g. The court's individual rules made compliance optional.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024