Etage Real Estate LLC v Stern (2025 NY Slip Op 06897)

Etage Real Estate LLC v Stern

2025 NY Slip Op 06897

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 656322/19|Appeal No. 5375-5376|Case No. 2024-07087 2024-07311|

[*1]Etage Real Estate LLC, et al., Plaintiffs-Respondents,
v
Michael Stern, et al., Defendants-Appellants. 

Beys Liston & Mobargha LLP, New York (Joshua D. Liston of counsel), for appellants.
D'Agostono, Lederman, Landesman, Rivera & Miraglia, LLP, New York (Bruce H. Lederman of counsel), for respondents.

Order, Supreme Court, New York (Arthur R. Engoron, J.), entered on or about May 15, 2024, which granted plaintiffs' motion for leave to amend the pleadings and to so-order certain subpoenas, unanimously modified, on the law, to deny the motion for leave to amend the pleadings, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about November 14, 2024, which denied defendants' motion to modify the underlying so-ordered subpoenas dated September 3, 2024 and for a protective order, and granted plaintiffs' motion to enforce the subpoenas, unanimously modified, on the law, to grant defendants' motion to the extent of limiting the time period covered by the subpoenas to the period from 2012 through 2019, and otherwise affirmed, without costs.
Supreme Court improperly granted the motion to amend the pleadings, as none of the causes of action would have survived a motion to dismiss (see Durst Pyramid LLC v Silver Cinemas Acquisition Co., 222 AD3d 431, 432 [1st Dept 2023]). Plaintiffs' first cause of action seeks to pierce the corporate veil of nonparty DJJMS LLC, the corporate debtor, in order to hold defendants, who are DJJMS's owners, liable for judgments against DJJMS. However, the complaint fails to allege facts sufficient to show that defendants completely dominated DJJMS — a necessary factor for piercing the corporate veil (see Etage Real Estate LLC v Stern, 211 AD3d 632, 633 [1st Dept 2022]). Similarly, the breach of contract cause of action that formed the basis of the judgment against DJJMS is not the type of wrong that would warrant piercing the corporate veil (id. at 634)
Plaintiffs' cause of action against defendants for fraudulent conveyance under the Debtor and Creditor Law would also not survive a motion to dismiss, as a claim for fraudulent conveyance may be asserted only by creditors of the transferor (Eberhard v Marcu, 530 F3d 122, 131 [2d Cir 2008]). However, plaintiffs were not creditors of 105 West 57th Street Holdings, LLC, the transferor here; rather, they were creditors of DJJMS, which held an interest in 105 West 57th Street Holdings.
As to the proposed cause of action under Penal Law § 175.45, plaintiffs have made no showing that the legislature intended to allow a private right of action under that statute (see Niagara Mohawk Power Corp. v Testone, 272 AD2d 910, 911 [4th Dept 2000]).
Supreme Court properly compelled compliance with the subpoenas issued to nonparties JPMorgan Chase Bank, N.A., DJJMS's bank, and Cywiak & Company LLP, DJJMS's accountant, as the assets and transfers that DJJMS made during this period are relevant to both the veil piercing and the fraudulent conveyance causes of action (cf. Moran v Grand Slam Ventures, LLC, 221 AD3d 994, 996 [2d Dept 2023]). However, the transaction underlying the judgment took place in December 2012, the allegedly improper transfer took place in 2013, and plaintiffs' underlying litigation against DJJMS lasted from 2017 through 2019. Accordingly, the period covered by the subpoenas should be limited to the period from 2012 through 2019. In addition, Supreme Court properly refused to strike the request for the company's tax returns. Although a party seeking tax returns faces a heavy burden (Matthews Indus. Piping Co. v Mobil Oil Corp., 114 AD2d 772, 772 [1st Dept 1985]), plaintiffs have sustained that burden, as defendants have failed to provide full information as to DJJMS's assets.
Finally, Supreme Court properly denied defendants' request to review the third-party productions for confidential information. Any such concerns are properly addressed through a confidentiality agreement among the parties.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025